LIBERTY MUT. INS. CO. v. LEE.

No. 9522.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1941.

As Amended on Denial of Rehearing.
March 8, 1941.

T. J. Blackwell, Ernest L. Duhaime, and W. H. Walker, Jr., all of Miami, Fla., for appellant.

Lilburn R. Railey, of Miami, opposed.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The case made by the petition is this: Irene Lee, a small child of whom Earl William Lee and Odile Lee, citizens of Florida, claim to be the parents, was killed by a truck driven by Henry Mike and belonging to Kinsman's, Incorporated, a Florida corporation. The truck owner had liability insurance to the amount of $5,000 on the truck with Liberty Mutual Insurance Company, a Massachusetts corporation. A representative of the Insurance Company obtained from the parents a release under seal of all claims against Kinsman's, Incorporated, and Henry Mike, for $225 recited to have been paid by Kinsman's, Incorporated. The father sued Kinsman's, Incorporated, for $25,000 damages in a State Court. Kinsman's, Incorporated, pleaded the release as a defense. The Insurance Company then filed in the District Court of the United States the present petition against the father and mother for a declaratory decree, asking the court to declare their marital status and whether either was a proper beneficiary under the Florida statutes of the claim for the child's death; and whether the exhibited release did not bar and extinguish any right or cause of action either may have had against the releasee. An injunction was also asked against the prosecution of the suit in the State court. The parents contended below and contend here that there was no controversy between them and the Insurance Company which would authorize a declaratory decree, and if there was, Kinsman's, Incorporated, was an indispensable party to its settlement, and the jurisdiction to try the issues presented in the petition was in the State court and not in the District Court. The case went to a master, who found the release to have been fraudulently obtained, and recommended that the petition be dismissed at the petitioner's cost. The decree confirmed the report and dismissed the case. The Insurance Company appeals.

A right decree was rendered, but it ought to be rested not on the invalidity of the release, but on the impropriety of thus trying its validity at the instance of the Insurance Company. The claim made by the parents was against Kinsman's, Incorporated, and not against the Insurance Company. Their controversy is one between citizens of the same State and triable in the State court. The insurer, because of his contract with the truck owner, has an interest in the outcome of the controversy, but he cannot take charge of it as his own and carry it into a federal court because of his citizenship being diverse. The validity of the release which runs to Kinsman's, Incorporated, ought not to be, and cannot be, adjudicated at the suit of the Insurance Company. The Insurance Company's proper course is to defend the suit in the State court according to its policy contract. It has not a justiciable controversy with the Lees which would support a federal declaratory judgment. 28 U.S.C.A. § 400; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Massachusetts v. Missouri, 308 U.S. 1, 17, 60 S.Ct. 39, 84 L.Ed. 3.

For these reasons the judgment of dismissal is affirmed.