60 So.2d 534 (1952)
TAYLOR, County Sol. et al.
v.
COOPER.
Supreme Court of Florida, Division A.
July 29, 1952.
Rehearing Denied September 8, 1952.
*535 Hudson & Cason, Miami, for petitioners.
Henry L. Oppenborn and Paul C. Ropes, Miami, for respondent.
HOBSON, Justice.
The Petition for Writ of Certiorari is hereby denied. We deem it appropriate to observe that we do not wish our ruling herein to be taken as a direction to the Chancellor that he should determine all questions raised by the respondent in and by his complaint which he filed in the court below; nor do we wish to be understood as holding that plaintiff below is entitled to a declaratory decree or to an injunction staying the proceedings against L.A. Cooper which are pending in the Court of Crimes of Dade County and which were pending at the time that Cooper's complaint was filed in the Circuit Court. We simply hold that the complaint to which motion to dismiss was directed is not wholly devoid of equity and the Chancellor was not in error when he denied said motion. See Section 87.12 Florida Statutes, 1951, F.S.A., which reads in part: "* * * When a suit for declaratory decree is filed as provided in this chapter the court shall have power to give as full and complete equitable relief as it would have had if such proceeding had been instituted as a bill in equity."
The complaint which is denominated "Bill for Declaratory Decree" was filed on the chancery side of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. In effect, the complaint alleges that the plaintiff below is entitled to receive a license or permit from the officials of Dade County Waste Department by which waste may be removed under the provisions of the Board's regulation and that the Board, acting through its Director, Fred H. Stutz, has arbitrarily, and without authority of law, refused to issue such license or permit. This is the only matter of the complaint which presents a subject cognizable in a court of equity because all other matters attempted to be presented can be set up as defenses in the criminal suits pending in the Court of Crimes of Dade County and the relief sought in connection with such matters may be granted fully and completely in said court of crimes or upon appeal from the final judgment in those criminal cases.
Under these circumstances our declaratory decree statute, Chapter 87, Florida Statutes, 1951, F.S.A., cannot be invoked because we are of the opinion that we should follow the almost universal rule to the effect that if at the time the proceeding for a declaratory decree is initiated a suit is already pending which involves the same issues and in which litigation the plaintiff in the declaratory decree action may secure full, adequate and complete relief, such bill for declaratory decree will not be permitted to stand.
We have not overlooked the fact that Section 87.12, Florida Statutes, 1951, F.S.A., provides:
"The existence of another adequate remedy shall not preclude a decree, judgment or order for declaratory relief. * * *" (Italics supplied).
This is not the equivalent of stating that the declaratory decree statute may be invoked *536 when at the time its invocation is sought there is a suit pending wherein the same subject matter and the identical issues may properly be considered and determined.
Had the legislature intended that the declaratory decree statute might be used in a situation such as exists herein we apprehend it would have said so. We should not presume that the legislature intended to abrogate the long established rule which obtains in practically every jurisdiction to the effect that the court of competent jurisdiction which first assumes jurisdiction of a case will be permitted to retain it, although such suit might have been instituted originally in another court with concurrent jurisdiction.
Certiorari denied.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.