157 So.2d 84 (1963)
SUSAN GAY BURNS, AS THE WIDOW OF CHESTER ARTHUR BURNS, DECEASED, APPELLANT,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, A CONNECTICUT CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF FLORIDA, APPELLEE.
No. 63-112
District Court of Appeal of Florida, Third District.
October 29, 1963.
Rehearing Denied November 13, 1963.
Cowart, Dollar & Glassford, Miami, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and William J. McCluskey, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
*85 CARROLL, Judge.
Susan Gay Burns as the widow of Chester R. Burns filed a wrongful death action in the circuit court in Dade County against Henry Martinelli, doing business as H. Martinelli Trucking, and one Arkus G. Austin. She alleged that her husband, while working in the employ of A.F. Foster Bridge Corporation, was killed as a result of negligent operation of a dump truck driven by Austin with knowledge and consent of Martinelli, the owner; and that Martinelli "was a materialman and/or independent contractor furnishing rock and fill on a pre-load basis." Martinelli denied he was a materialman or independent contractor and contended in defense that he was not a third party tort-feasor because all involved were statutory fellow servants under a general contractor, and that Burns' claim was restricted to Workmen's Compensation.
Thus, there was presented in the law action filed by Mrs. Burns a material issue of fact[1] as to whether Martinelli was a materialman or independent contractor as she alleged, so as to permit her action, or whether as contended by Martinelli, he and Burns' employer were sub-contractors of a prime contractor on a common job, so as to render applicable the fellow servant rule, and restrict Burns' claim to Workmen's Compensation. See Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690; Goldstein v. Acme Concrete Corporation, Fla. 1958, 103 So.2d 202.
At that stage of the law action, Hartford Accident & Indemnity Company, the indemnity insurer of Martinelli, filed suit for declaratory decree in another division of the circuit court against the parties to the pending law action, seeking a predetermination of such issue. The provisions of the policy were clear and unambiguous, and it was so stated in the complaint.
The defendants in the declaratory decree suit moved to dismiss, and their motions were denied. The suit was tried, and resulted in a final decree which determined said factual issue as contended for by the insurance company, that is, a finding that Burns' employer and Austin's employer, Martinelli, were both sub-contractors of a general contractor. Mrs. Burns took this appeal. She contends first, that the circuit court should not have entertained the suit for declaratory decree by the indemnity insurer, and, second, that the decision was wrong on the merits. We reverse on the basis of appellant's first contention, making it unnecessary to consider other questions presented.
Chapter 87, Fla. Stat., F.S.A., the declaratory decree statute, provides a means for determination of a bona fide controversy between a liability insurance company and its insured over the coverage of a policy or over other matters which can be settled more saisfactorily in an action for declaratory judgment than in the ordinary form of litigation. But when a third party has brought a negligence action against an insured, and there is raised or necessarily involved therein an issue between those litigants which has a bearing on the applicability of the policy, the fact that the insurance company's liability to its insured may be affected by the outcome of the negligence action will not permit the insurer to remove a material issue from the negligence action where it belongs and drag it into another court under the guise of seeking a declaratory judgment, and there seek its predetermination. Liberty Mutual Ins. Co. v. Lee, 5 Cir.1941, 117 F.2d 735 (issue  validity of a release given to insured); Indemnity *86 Ins. Co. of North America v. Schriefer, 4 Cir.1944, 142 F.2d 851 (issue  status as employee of insured); State Automobile & Casualty Underwriters v. Gardiner, 189 Kan. 544, 370 P.2d 91 (issue  whether driver had insured owner's consent.) See also Taylor v. Cooper, Fla. 1952, 60 So.2d 534, 535, in which it was held that the declaratory decree statute could not be invoked by a party to a pending case for the separate trial of an issue therein, on the ground that "the court of competent jurisdiction which first assumes jurisdiction of a case will be permitted to retain it, although such suit might have been instituted originally in another court with concurrent jurisdiction."
This record discloses additional reasons why the defendants' motions to dismiss should have been granted. The declaratory judgment statute is not available to settle factual issues bearing on liability, under a contract which is clear and unambiguous and which presents no need for its construction. Columbia Casualty Co. v. Zimmerman, Fla. 1953, 62 So.2d 338; Johnson v. Atlantic National Ins. Co., Fla.App. 1963, 155 So.2d 886. See Halpert v. Oleksy, Fla. 1953, 65 So.2d 762. Also, it has been held that resort should not be had to equity for the trial of an issue already involved in a pending law action in which it may properly and effectively be determined. Carvell v. Viglianco, Fla. 1953, 67 So.2d 240, 241. Moreover, the insurer's suit for declaratory decree was in conflict with and in evasion of its contract to defend the law action against its insured.[2] As was pointed out in the opinion of the Fifth Circuit Court of Appeals in Liberty Mutual Insurance Company v. Lee, supra, the claim made by the plaintiff in the law action was against the insured, not against the insurer, and the insurance company's proper course was to defend the action brought against its insured.
For the reasons stated the judgment appealed from is reversed, and the cause is remanded with directions to dismiss the complaint for declaratory decree.
Reversed and remanded.
NOTES
[1] See Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858; Lindsey v. Willis, Fla.App. 1958, 101 So.2d 422; Blackman & Huckaby Enterprises v. Jones, Fla.App. 1958, 104 So.2d 667; Bradford Builders, Inc. v. Sears, Roebuck & Co., 5 Cir.1959, 270 F.2d 649; 42 C.J.S. pp. 638-639.
[2] The policy in the instant case provided:

"* * * the company shall:
"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *"