CARROLL, Judge.
By this appeal Millers Mutual Fire Insurance Company of Texas, herein referred to as Millers Mutual, one of the defendants below, seeks reversal of a declaratory decree. The questions involved and the factual background are disclosed by the decree of the circuit court as follows:
“This Cause came before the Court for final hearing upon Stipulation of the parties waiving formal notice of same, and all parties being represented at the hearing, and upon hearing, the *743 following Stipulations were entered among all the parties:
“(a) That the American Fidelity Fire Insurance Company’s policy contains the standard uninsured motorists coverage clause as provided for by Florida Statute 627.0851 as well as the provision pertaining to arbitration thereunder by the American Arbitration Association.
“(b) That all depositions and exhibits were introduced into evidence without obj ection; with the understanding that the Court would make its determination only upon relevant material, competent and responsive testimony and exhibits.
“(c) That an automobile accident occurred on January 24, 1964, wherein an automobile owned by Phillip Bonan-no and Louise Bonanno, and operated by Chris Muscarella came into contact with the body of Martin David Hauser, a minor.
“(d) That the mother of the minor, one Sue Hauser, carried automobile liability insurance with the Plaintiff, American Fidelity Fire Insurance Company, that included an uninsured motorists coverage clause, providing coverage for Martin David Hauser, if such coverage be applicable.
“(e) That the controversy among the parties was one of insurance coverage. It was the contention of the Defendant, Millers Mutual Fire Insurance Company of Texas, that the automobile liability policy on the automobile involved in the accident was cancelled prior to the date of the above described accident.
“(f) That upon being advised that Millers Mutual Fire Insurance Company of Texas denied having liability coverage in effect at the time of the subject accident, the Defendant, Sue Hauser, by and on behalf of her minor son, Martin David Hauser, through their attorney, Leo B. West, filed an uninsured motorists claim against the Plaintiff with the American Arbitration Association. The Plaintiff thereby filed its declaratory judgment action and did secure a stay of the arbitration proceedings until the question of insurance coverage was resolved.
“(g) That the liability policy of Millers Mutual Fire Insurance Company of Texas, as well as a Notice of Cancellation and all correspondence were introduced into evidence by the Defendant, Millers Mutual Fire Insurance Company of Texas, without objection.
“That after hearing argument of counsel, examining the exhibits and depositions introduced into evidence, and being otherwise advised in the premises, it is:
“Considered, Ordered and Decreed as follows:
“1. That the Court has jurisdiction of the subject matter and the parties hereto under the provisions of Chapter 87 F.S.A., et seq., for the purpose of determining a question of actual controversy involving insurance coverage.
“2. That the Defendant’s Miller Mutual Fire Insurance Company of Texas, Motion to Dismiss, upon which a ruling had been reserved, be, and the same is hereby denied.
“3. That the uninsured motorists coverage provision of the Plaintiff, American Fidelity Fire Insurance Company, is held not to be in effect, as there was a liability insurance policy held by the defendants, Phillip Bonanno and Louise Bonanno, which was in force and full effect at the time of the subject accident. It is apparent from the liability policy of Millers Mutual Fire Insurance Company of Texas that there was not a valid and proper cancellation of the policy in accordance *744 with the terms thereof, especially Paragraph No. 17.
“4. That the liability coverage by the Defendant, Millers Mutual Fire Insurance Company of Texas, is held to be valid and in existence on the date of the accident, January 24, 1964, and that there was not proper compliance by the Defendant, Millers Mutual Fire Insurance Company of Texas, with the terms of its own policy in bringing about the alleged cancellation, and that, therefore, Defendants, Phillip Bonanno and Louise Bonanno, did, in fact, have liability insurance coverage, and that the defense alleged by the Defendant, Millers Mutual Fire Insurance Company of Texas, is found to be without merit.
“5. That in view of the existence of the automobile liability insurance coverage through Millers Mutual Fire Insurance Company of Texas, any and all proceedings presently pending before the American Arbitration Association are hereby permanently stayed.”
The appellant contends (1) that the cause was not within the scope of the declaratory decree statute, Chapter 87, Fla.Stat., F.S.A., and that the holding that Millers Mutual policy remained in effect on the date of the accident was incorrect (2) because it had been cancelled and (3) because timely notice of the accident was not given to Millers Mutual. We hold those contentions to be without merit, and affirm the decree.
Resort to Chapter 87 Fla.Stat., F.S. A. for a declaratory decree was proper. There was presented a bona fide controversy between the plaintiff American Fidelity Fire Insurance Company and its insured, over the coverage of that policy as to whether American Fidelity was liable under the uninsured motorists clause. Determination of its liability under that clause turned on the construction to be placed on certain terms contained in the Millers Mutual policy, as applied to an attempted cancellation of the latter. The facts relating to the steps taken on or toward cancellation were not in dispute. Compare Burns v. Hartford Accident & Indemnity Company, Fla.App.1963, 157 So.2d 84, 85. The question upon which the liability of the plaintiff insurer depended was not one which would have been in issue or involved in an action between the parties to the automobile accident. That serves to distinguish the instant case from Columbia Casualty Co. v. Zimmerman, Fla.1953, 62 So.2d 338 and State Farm Mutual Automobile Ins. Co. v. Couch, Fla.App.1964, 167 So.2d 786, relied on by the appellant in support of its contention that Chapter 87 was improvidently invoked. See also Cruger v. Allstate Insurance Company, Fla.App.1964, 162 So.2d 690; Zeagler v. Commercial Union Insurance Co. of N. Y., Fla.App.1964, 166 So.2d 616.
The trial judge was eminently correct in declaring the Millers Mutual policy had not been cancelled, and remained in effect on the date of the accident. A detailed discussion of the facts appears unnecessary. Under the terms of that policy Millers Mutual was entitled to cancel by a procedure which required ten days. Also, it was provided that the insured could cancel voluntarily by surrendering the policy. Cancellation was undertaken by Millers Mutual, through a written request to the insured to surrender the policy for cancellation. The accident occurred before the 10-day period for cancellation ended, but after the insured had presented or “surrendered” the policy as requested. The agent to whom it was delivered appears to have marked the policy cancelled, and the insured assumed it was cancelled. On the facts the trial court correctly viewed the cancellation as undertaken by the insurer and not as a voluntary cancellation made by the insured, and held that under the terms of the policy that cancellation by the insurer had not been effected when the accident occurred.
Regarding appellant’s third contention, failure of the insured to give the insurer notice of the accident as required, if *745 such were a fact, would not serve to render the policy ineffective on the date of, the accident. Any failure of its insured to give Millers Mutual a required notice of the accident or claim was not material to this cause.
Affirmed.