**Jesse C. HILL, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. CA78–0386–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 24, 1978.

Walter H. Emroch, Richmond, Va., for plaintiff.

G. Kenneth Miller, May, Miller & Parsons, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Jesse C. Hill, a citizen of the Commonwealth of Virginia, brings this action to contest the validity of a release agreement which he made with defendant, Liberty Mutual Insurance Company, hereinafter referred to as Liberty, a corporate citizen of a state other than Virginia. Jurisdiction is asserted on the basis of diversity of citizenship, 28 U.S.C. § 1332.

The matter is before the Court on defendant's motion to dismiss, which motion has been fully briefed by both parties and is ripe for disposition.

The file reflects as follows: On November 13, 1976, plaintiff was injured in an automobile accident involving one Thelma Ware. Defendant Liberty carried a liability insurance policy on Thelma Ware. Three days after the accident, on November 16, 1976, plaintiff Hill signed a document enti-

tled "Release and Settlement of Claim" tendered to him by an agent for defendant Liberty. The document provided, in pertinent part, that the plaintiff would settle all claims which he might have against Ms. Ware in exchange for "the sole consideration of payment of medical bills incurred before November 13, 1977 . . . and ten hundred and $^{00}/_{100}$ dollars ($1,000.00)."

In this action, plaintiff alleges that the release agreement "was obtained through fraud, misrepresentation and duress and is invalid." He does not seek any monetary damages, but does seek a declaratory judgment that the release agreement is "invalid, null and void, and of no effect."

Defendant's first argument in support of its motion to dismiss is that the plaintiff has failed to name an indispensable party who, if named, would defeat diversity jurisdiction. In defendant's view Thelma Ware is an indispensable party to this action because the release agreement runs in her favor. Thus, in the defendant's view, the action cannot go forward without Ms. Ware as a party. However, if Ms. Ware is brought in, diversity jurisdiction will be defeated because she, so counsel contends, is a citizen of Virginia. As there is no Federal question, defendant contends that the action must be dismissed either for lack of an indispensable party, or for lack of jurisdiction.

While defendant's motion to dismiss may be well taken, Ms. Ware is not, in the Court's view, an indispensable party.

■ The criteria for determining whether or not a party is indispensable are found in Rule 19 of the Federal Rules of Civil Procedure. The first step, of course, is to determine whether the person in question falls within the categories of Rule 19(a), which provides, in pertinent part, as follows:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

With respect to category (1) of Rule 19(a), it is clear to the Court that the absence of Ms. Ware will in no way preclude the Court from awarding complete relief to those already parties. The sole relief sought is a declaration that the release agreement is null and void.

■ Category (2) of Rule 19(a) is somewhat more complicated. It does appear to the Court that Ms. Ware has "an interest relating to the subject of the action," and that a declaration that the release agreement is void would make her potentially liable for any judgment in excess of her insurance coverage. The practicalities of the situation, however, are not lost upon the Court. As a practical matter, interests of Ms. Ware in the instant litigation are fully protected by the presence of her insurance company as a defendant. Indeed, if the release be declared null and void, Liberty would be obligated under its policy with Ms. Ware to afford her counsel. Thus, "as a practical matter," the disposition of this action in the absence of Ms. Ware will not impair or impede her ability to protect her interest in upholding the validity of the release agreement.

Regarding subcategory (ii) of Rule 19(a)(2), the defendant has not suggested, and the Court does not perceive, any manner in which Ms. Ware's interest might subject either of the instant parties to any risk of incurring double, multiple, or other-

wise inconsistent obligations. The release was procured by defendant as agent for Ms. Ware, and if the validity of the release is litigated here, the Court is satisfied that the same issue will not be open to litigation in any subsequent action.

In summary, the Court is of the view that Ms. Ware is not a person to be joined, if feasible, pursuant to Rule 19(a). She is *a fortiori* not an indispensable party under Rule 19(b).[1]

Defendant's second contention in support of its motion to dismiss is that plaintiff has failed to state a claim for the requisite jurisdictional amount. In defendant's view, the only amount in controversy here is the $1,000.00 plus medical expenses which changed hands as a result of the release agreement. As this amount is far less than the $10,000.01 required to sustain diversity jurisdiction, defendant contends that the action must be dismissed for want of jurisdiction.

■ Once again, the practicalities of the situation do not escape the Court. At bottom, the amount in controversy in the instant suit is not the amount which changed hands pursuant to the release agreement, but rather is the value of plaintiff's personal injury claim against Thelma Ware in the event the release agreement is declared null and void. Counsel for plaintiff has represented to the Court that plaintiff's injuries growing out of the automobile collision with Ms. Ware include "a serious broken leg

which has not healed properly, causing a limp." (Plaintiff's reply memorandum filed June 6, 1978.) The Court is consequently satisfied that even though plaintiff's suit must fail for other reasons, plaintiff has alleged in good faith an amount in controversy in excess of $10,000.00.

The defendant's third contention is that there is no case or controversy between the instant parties. Defendant's main support for this contention is *Liberty Mutual Insurance Co. v. Lee,* 117 F.2d 735 (5th Cir. 1941). In that case, the insurance company had obtained on behalf of its insured a release agreement from the parents of a deceased child. The parents nevertheless brought an action in state court against the insured. While the state court action was pending, the insurance company filed a petition in Federal District Court seeking a declaratory judgment against the parents to the effect that the release agreement barred any action against the insured. The Court of Appeals held that the insurance company's petition for declaratory judgment had to be dismissed for lack of a justiciable controversy. The Court reasoned that the real controversy was between the parents and the insured, not between the parents and the insurance company. Since the parents and the insured were both residents of the same state, the proper forum for the dispute was the state courts, not the federal courts. The insurance company did have an interest in the outcome of the suit between the parents and the insured, but this inter-

---

1. Pursuant to opinions of the United States Court of Appeals for the Fourth Circuit, the factors enumerated in Rule 19(b) are not considered unless the person in question is a "person to be joined if feasible" under Rule 19(a), and this method is followed even when the person in question cannot be joined without destroying diversity jurisdiction. *See Virginia Electric & Power Co. v. Westinghouse Electric Corp.,* 485 F.2d 78, 85–86 (4th Cir. 1973), cert. denied, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974). This Circuit's method is apparently derived from the analysis in *Provident Tradesman's Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), in which the Supreme Court first interpreted Rule 19 in its present form.

The United States Court of Appeals for the Seventh Circuit follows a different method. In that circuit, when joinder of the person in question would destroy diversity, Rule 19(a) is considered inapplicable and the analysis proceeds directly to Rule 19(b). See *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.,* 565 F.2d 450, 452 (7th Cir. 1977); *Bonnet v. Trustees of Schools of Township 41 North,* 563 F.2d 831, 833 (7th Cir. 1977). While the Court deems the Seventh Circuit's method to be in conflict with both the Fourth Circuit and the Supreme Court, the Court is of the view that the facts as set forth in Rule 19(b) do not alter the conclusion that Ms. Ware is not an indispensible party.

est did not give the insurance company the right to take charge of the controversy as its own and "carry it into a federal court because of [its] citizenship being diverse." 117 F.2d at 736. The proper course, the Court indicated, was for the insurance company to defend the state court action, as it was obligated to do according to its policy contract, and to plead the release agreement as a defense.

Although the situation is reversed in the case at bar, in that the injured party rather than the insurance company brings the action on the release agreement, the Court considers the principles of *Liberty Mutual Insurance Co. v. Lee* to be applicable. The overriding thrust of *Lee* is that a suit between an insurance company and a signatory to a release agreement does not present a justiciable controversy when the real dispute is between the signatory and the insurance company's insured. That is the instant situation. Indeed, the plaintiff has strenuously argued that the real question in this case is whether his claim for damages *against Thelma Ware* is barred. Indeed, it was this very contention which persuaded the Court that the amount in controversy exceeded the requisite $10,000.00 amount.

 Plaintiff cannot have it both ways. Either the real controversy is with Thelma Ware over plaintiff's personal injuries or else it is with the insurance company over the release agreement. If the real controversy is with Thelma Ware, the jurisdictional amount is met, but the action must be dismissed for lack of a justiciable controversy between the plaintiff and the insurance company.[2] On the other hand, if the real controversy is with the insurance company, the action must be dismissed for want of the required amount in controversy. In either event, this Court has no jurisdiction over the instant action.

 Even if this Court did have jurisdiction, however, this action would not be a proper one for declaratory judgment. It has long been established that judicial power to grant declaratory relief is discretionary. *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, 1625 (1942); *Tamari v. Bache & Co.*, 565 F.2d 1194, 1199 (7th Cir. 1977); *Maryland Casualty Co. v. Boyle Construction Co.*, 123 F.2d 558, 562 (4th Cir. 1941). While such discretion should be liberally exercised, "it should not be exercised . . . for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction." *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937); see *Washington-Summers, Inc. v. City of Charleston*, 430 F.Supp. 1013, 1017 n.1 (S.D.W.Va.1977). The instant case has obviously been brought for the specific purpose of anticipating Thelma Ware's defense to an action for damages by plaintiff in state court. Counsel for plaintiff has frankly stated that "plaintiff needs to know whether or not he should proceed with his action and go the the expenses of maintaining his action without facing a dismissal because of the alleged valid release". (Supplement to plaintiff's reply memorandum, filed June 13, 1978.)

Thus, even if the Court's holding that there is no jurisdiction should prove to be in error, dismissal of this action on discretionary grounds would still be appropriate under the policy of this judicial circuit. To sustain the suit would be "to drag this essentially local litigation into the federal courts and to defeat the jurisdiction of the state courts over it merely because one of the parties to the litigation happened to have indemnity insurance in a foreign insurance company." *Indemnity Insurance Co. v. Schriefer*, 142 F.2d 851, 853 (4th Cir. 1944).

Moreover, the Court is satisfied that permitting this action to go forward would contravene this circuit's policy against fragmented litigation. A judgment in favor of plaintiff would not end this dispute, but would force plaintiff to take further legal

---

**2.** Virginia has no "direct action" statute, hence, the plaintiff cannot sue the insurance company directly. If Virginia did have a "direct action" statute, the Court's analysis regarding justicia-

bility might well be different. Since that situation is not before the Court, however, the Court expresses no opinion on how its analysis might be affected.

action in the state courts to vindicate his damages claim. The Court of Appeals for the Fourth Circuit has stated, however, that the declaratory judgment rule should not be invoked "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy . . . ." *Aetna Casualty & Surety Co. v. Quarles, supra,* 92 F.2d at 325.

Obviously, from what the Court has already stated, it does not share plaintiff's view that the instant case is an exception simply because no state action is yet pending or because the suit has been brought by the injured party rather than the insurance company. These facts do not alter the basic truth that the central controversy here concerns the liability of one Virginia citizen to another for injuries resulting from an automobile accident on Virginia highways. An action to determine such liability could be brought only in state court and would not be removable to Federal court. The case at bar merely seeks to test a defense likely to be asserted if such a non-removable state court action is brought by the plaintiff. In these circumstances, this Court is satisfied that the entry of a declaratory judgment by a Federal court would be entirely inappropriate. Hence, in the exercise of its sound discretion, the Court will dismiss the instant action.