WENTWORTH, Judge.
Appellant Cadillac Insurance Company seeks review of a declaratory judgment determining issues of coverage under a motor vehicle insurance policy. We find that the order properly determines that the policy provides coverage for appellee Clifford Ring. We decline to address Clifford Ring’s claim of entitlement to attorney’s fees, and we affirm the order appealed.
Clifford Ring and his son Michael Ring were named as defendants in an action for damages arising from a vehicular collision. The complaint alleged that the collision resulted from Michael Ring’s negligent operation of his father’s automobile. It further alleged that Clifford Ring had negligently entrusted the vehicle to his son and consented to its use. Cadillac Insurance Company instituted a separate proceeding for a declaratory judgment as to the rights and obligations pertaining under its contract of insurance with Clifford Ring.
Evidence was presented at the declaratory judgment hearing that the accident occurred after Michael Ring had entered Clifford Ring’s residence in the early morning hours and borrowed the automobile while his father was sleeping. It was stipulated that Michael Ring did not have his father’s *671 permission to use the vehicle at that time. A provision in the insurance policy excludes liability coverage for persons using the insured vehicle without a reasonable belief that they are entitled to do so. Michael Ring contended that he was nevertheless a covered person under the insurance policy as a family member. However, the policy describes family members so as to require that the related individual be a resident of the household. Cadillac Insurance asserted that if Michael were a household resident Clifford Ring had misrepresented this circumstance by declining to list Michael as such on the application for insurance. Evidence was presented indicating that Michael sometimes stayed with his father but also resided elsewhere.
At the conclusion of the proceeding the parties again agreed that Michael did not have permission to use his father’s automobile, and the court indicated that it would grant a directed verdict on this issue. The jury found that Michael was not a resident of his father’s household and that Clifford Ring had not made any misrepresentation in this regard. The court then entered a final declaratory judgment determining that the insurance policy does not provide coverage for Michael Ring since he was not a resident of Clifford Ring’s household and was a nonpermissive user of the insured vehicle.
The court also determined that the insurance policy does provide liability coverage for Clifford Ring. Noting that the negligence action against Clifford Ring is still pending, the court’s order declares that if Michael Ring used the vehicle with Clifford Ring’s consent, the insurance policy provides indemnity. Cadillac Insurance argues that this conditional finding is both incomplete and inconsistent with the stipulation and ruling that Michael Ring did not have his father’s permission to use the vehicle.
A final declaratory judgment should fully address the issues which are properly presented. See Local 532 American Federation of Employees v. City of Ft. Lauderdale, 273 So.2d 441 (Fla. 4th DCA 1973). In the present case the court has fully addressed the issues of coverage under the insurance policy for both Michael Ring and Clifford Ring. While the obligation to indemnify Clifford Ring remains contingent upon the findings in the negligence action, this approach affords proper deference to the pending litigation. See generally, Taylor v. Cooper, 60 So.2d 534 (Fla.1952). If the court’s finding that Michael Ring was a nonpermissive user of the vehicle impacts Clifford Ring’s potential liability, this is a matter to be addressed in the negligence action. The policy of insurance expressly provides coverage if Clifford Ring becomes legally responsible for damages because of an automobile accident, and it is the potential for liability which obligates the insurer. Cf. Accredited Bond Agencies Inc. v. Gulf Insurance Co., 352 So.2d 1252 (Fla. 1st DCA 1977).
Clifford Ring also submitted a claim for attorney’s fees below. He now seeks to present the question of entitlement to fees without denominating this as an issue for cross-appeal in accordance with Fla.R. App.P. 9.110(g). The record does not indicate the lower court has yet ruled on the claim for fees, and we therefore decline to consider the issue in this appeal.
The order appealed is affirmed.
ERVIN and BOOTH, JJ., concur.