**MARYLAND CASUALTY CO. v. TINDALL et al.**

**No. 261.**

District Court, W. D. Missouri, W. D. Dec. 28, 1939.

Paul G. Koontz, Harry F. Murphy, and Elliot Norquist, all of Kansas City, Mo., for plaintiff.

Walter A. Raymond and James H. Snyder, both of Kansas City, Mo., for defendant Leslie Tindall.

Charles Miller and Fred Bellemere, both of Kansas City, Mo., for defendant Marshall's U. S. Auto Supply, Inc.

REEVES, District Judge.

This is an action for a declaratory judgment under Section 400, Title 28 U.S.C., 28 U.S.C.A. § 400. It is provided by this section that "in cases of *actual* controversy * * * the courts of the United States shall have power upon * * * complaint * * * to declare rights and other legal relations of any interested party petitioning for such declaration * * *."

The complainant in this case is an insurer and carries a policy of liability insurance upon and on behalf of the corporate defendant. Among other contingencies covered by such policy is one against liability for injury to employees arising from the negligence of the insured.

A claim has been made by an employee, (one of the defendants), and to enforce such claim a suit was filed in a state court and is now pending there. The policy by its terms imposed upon the plaintiff, among others, the obligation to defend suits upon claims within the terms of the policy and to pay within certain limitations the amount recovered.

After suit was filed in the state court the plaintiff in compliance with the terms of its policy undertook the defense of the case, but with reservations as to its further liability in the event of an adverse result in the litigation. While the suit was still pending and undetermined in the state court, and long after entering upon the defense of the case, the plaintiff filed its suit in this court for a declaratory judg-

ment. Its counsel has suggested the propriety of restraining the insured and its co-defendants from further proceeding in the state court until there has been an ascertainment of and adjudication upon the legal relations existing between the plaintiff and the insured and its ˉco-defendants.

Counsel for some of the defendants have moved that the case be dismissed on the ground that the plaintiff, having undertaken the defense of the case, and while so engaged, has no right to petition for a declaratory judgment in this court.

1. Rule 57 of the Rules of Civil Procedure for the District Courts, 28 U.S.C.A. . following section 723c, of the United States provides among other things that "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

The rule further provides that "The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

■ These excerpts from the rule appear appropriate in a discussion of the pending case. It is obvious that where it seems proper to do so the court should entertain an action for declaratory relief even though the complainant may have other adequate remedies. Furthermore, in order that the parties may know their rights, even in pending litigation, the federal courts are enjoined to "order a speedy hearing * * * and may advance" the case "on the calendar."

The history of this case as given by counsel is such that there does not appear to be a pressing obligation to advance the case or to order a speedy hearing. From statements made at a preliminary conference with the attorneys it may be deduced that when the suit was filed in the state court a question was then raised and discussed as to whether the policy was broad enough to cover the facts alleged by the complaining employee. This question did not ripen into an actual controversy, but was adjusted, or, rather, the plaintiff undertook to meet its obligation to defend. In doing so, however, it reserved the right to deny liability in the event of an adverse judgment. Its contract provided that it should defend and pay within the limitations of its policy in case of an adverse judgment. It endeavored to comply with a portion of its obligation, but re-

served the right to deny liability on the other part. Such liability may never accrue. This depends upon the results of the litigation. It now asks this court to adjudicate on a question which may become moot, or, rather, never arise, by reason of the results of the state court litigation. Its controversy, therefore, is a speculative one. Its case of "actual controversy", which arose when the suit was filed, was adjusted. The part of its policy which obligated it to defend, it has met. If the results of the trial are not satisfactory, then ˉt has reserved the right to contest that asserted liability.

■ It now asks this court to advance the case and to stay the litigation in the state court until it may be determined here whether its relations to the insured and its co-defendants are such as to enable it to refuse to pay, if, and when, an adverse judgment is obtained against its assured.

Clearly the case should not be advanced, and, moreover, the defendants should not be restrained from proceeding with the litigation in the state court.

■ 2. The declaratory judgment statute is a procedural one and undertakes to adjust controversies in esse but not actually crystalized in litigation. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. But such procedure does not entitle a litigant to call for an advisory opinion upon a hypothetical basis. Its purpose is to secure "an adjudication of present right upon established facts." Aetna Life Ins. Co. v. Haworth, supra, 300 U.S. loc. cit. 242, 57 S.Ct. loc. cit. 465, 81 L.Ed. 617, 108 A.L.R. 1000. See, also, Ashwander v. Valley Authority, 297 U.S. 288, loc. cit. 325, 56 S.Ct. 466, 80 L.Ed. 688.

■ The liability of the corporate defendant to pay a judgment obtained against it is not an established fact. No judgment has been obtained and may never be obtained. The adjudication here, therefore, would be a mere advisory opinion as to the liability of the plaintiff if and when a judgment might be obtained against its assured.

On the only established fact that may have been controversial the plaintiff has yielded to the terms of its policy and has agreed to maintain the defense as provided in its contract.

3. There is a further reason why the court ought not to entertain this suit. It is fundamental that causes of action should not be tried piecemeal. Although it may be questionable whether the contract of liability insurance is not susceptible of separate demands, yet, in this case, the obligation of plaintiff covers a single case and it should not be split up. See C.J.S. Vol. I, Actions § 103, page 1316.

As stated by Judge Parker of the Fourth Circuit Court of Appeals in Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, loc. cit. 325: "It should not be accorded, however [referring to this procedure], to try a controversy by piecemeal, or to try particular issues *without settling the entire controversy, or to interfere with an action which has already been instituted.*"

It is quite true that the state court cannot adjudicate the issues here presented in the proceeding now pending before it. But the plaintiff, having adjusted its controversy upon the only *established* fact, and such controversy being so closely interwoven with the question of its obligation to pay the judgment sought by the plaintiff in the state court, it should not at this juncture be permitted to maintain the present action.

Under all of the authorities the matter of entertaining suits of this character is within the sound discretion of the court. It should be exercised in this case against the plaintiff. If and when a judgment may be recovered against the plaintiff in a state court, then, and not until then, would that *established* fact warrant a suit of the character now attempted by the plaintiff.

The motion to dismiss should be sustained, and it will be so ordered.