No. 42,632

STATE AUTOMOBILE & CASUALTY UNDERWRITERS, *Appellee,* v. WALTER JAMES GARDINER, a minor by and through BEULAH M. GARDINER, his mother and natural guardian, *Appellant,* and LOUISE TANNA-HILL, DEWEY TANNAHILL, and CAROLYN SUE TANNAHILL, a minor, by and through DEWEY TANNAHILL, her father and natural guardian, *Defendants.*

(370 P. 2d 91)

Opinion filed April 7, 1962.

*Lester A. Holloway,* of Wichita, argued the cause and was on the briefs for the appellant.

*Richard C. Hite,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson,* and *H. W. Fanning,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This action for declaratory judgment under G. S. 1949, 60-3127 was commenced by plaintiff, appellee here, as an automobile liability insurer of Leon Mulder, a sand and gravel hauler.

Copy of the policy was attached to the petition as exhibit A. The petition alleged the policy covered Mulder's two trucks, particularly the 1955 GMC ⅝ ton dump truck in question and extended to Gardiner and any other person using the truck with Mulder's permission.

The petition further alleged that on April 28, 1960, defendant, Walter James Gardiner, while driving the truck in question was involved in an accident on U. S. highway 54 between Wichita and Augusta which directly resulted in tort actions being filed by Louise Tannahill, Dewey Tannahill, and Carolyn Sue Tannahill, who were named as defendants in this declaratory judgment action, and in a fourth and separate action Louise and Dewey Tannahill also claimed damages for the wrongful death of Loy Wade Tannahill. These four actions against Mulder and Gardiner were filed in the district court and the petitions in those cases were attached to the petition in this case as exhibits B, C, D, and E, and have been set out in this record.

Plaintiff (hereinafter called the company) disclaimed coverage to Gardiner because he did not have permission of Mulder to use the truck. Gardiner claimed full protection and coverage under the policy because he did have Mulder's permission, which the company denied. The Tannahills claimed the company was or would become liable by reason of the actions they had filed against Gardiner, which was denied. The company contended it was entitled to judgment and declared that Gardiner was not insured under the policy issued to Mulder, that it was not required to defend or protect Gardiner and was relieved from all liability to the Tannahills.

Common pertinent allegations of the petitions of the Tannahills, in substance, were that on April 28, 1960, at about 9:20 p. m. petitioner was driving a 1955 Buick west on the north or right half of U. S. highway 54 west of Augusta at a speed of approximately fifty to fifty-five miles per hour and Gardiner was driving in an easterly direction at a reckless and dangerous speed of sixty-five miles per hour. Gardiner had consumed large quantities of intoxicating liquor. The left wheels of the truck Gardiner was driving were on the center line of the highway. The headlights were in a bright or elevated position. When 500 feet east of Gardiner, petitioner dimmed her lights, but Gardiner did not respond to her signal nor to a further effort made by her to attract his attention

when she alternately switched her lights on bright and dim. As the Tannahill vehicle was passing Gardiner, he suddenly swerved and lost control of his truck causing the left rear wheel to travel across the center line of the highway and strike the left front fender of the Tannahill vehicle. This caused petitioner to lose control, the car then crossed the center line and collided with another oncoming car which had been following 250 to 300 feet behind Gardiner's truck. Petitioner's resulting injuries were directly and proximately caused by the negligence of Mulder because he negligently permitted Gardiner to operate his truck when Mulder had knowledge, or in the exercise of reasonable diligence could have ascertained, that Gardiner was a reckless, incompetent driver and habitually used intoxicating beverages. Thus the negligent acts of Gardiner and Mulder joined together and concurred in causing petitioner's injuries and damages in that had it not been for their concurring and consecutive negligent acts the collision would not have occurred.

Defendant Gardiner answered the company's petition first by a general denial and then alleged he drove the truck with Mulder's permission at the time of the accident and that by reason thereof he was covered under the policy. In its reply the company alleged it was specifically denied that Gardiner was driving the truck with Mulder's permission at the time of the accident and it was further specifically denied Gardiner was covered by the policy. Evidence was introduced and at the close thereof the trial court made the following finding of fact a part of the record:

"The court is going to rule that on the night in question, when this collision occurred, that the defendant Walter James Gardiner was driving this 1955 GMC truck without the permission of Mr. Mulder; therefore, this plaintiff in this case is under no obligation to defend the defendant Leon Mulder."

In its formal journal entry of judgment dated March 17, 1961, the trial court entered judgment as follows:

". . . plaintiff has no obligation to defend Walter James Gardiner for any claims made against him by Dewey Tannahill, Louise Tannahill, Carolyn Sue Tannahill and Dewey Tannahill and Louise Tannahill as next of kin of Loy Wade Tannahill under the provisions of G. S., 1959 Supp., 60-3203, and G. S., 1949, 60-3204, and that plaintiff is released from any liability to Walter James Gardiner under the policy of insurance issued by it to one Leon Mulder on or about March 3, 1960, arising out of the alleged accident of April 28, 1960, and that judgment be and the same is hereby entered in favor of the plaintiff and against defendant Walter James Gardiner for the relief prayed for in the plaintiff's petition."

This appeal by defendant Gardiner followed and the question presented by him is whether the trial court had jurisdiction of all the necessary parties so as to empower it to enter a judgment for declaratory relief under G. S. 1949, 60-3127.

As previously mentioned, the record in this appeal contains not only the pleadings filed in this declaratory judgment action with the attached insurance policy, but also the four petitions in tort actions filed by the Tannahills who were made parties defendant along with Gardiner. Thus all these documents are before this court for examination and determination just as they were before the trial court. One of the facts admitted in the pleadings is that the face of the insurance policy shows that the plaintiff company was the insurer and Mulder was the named insured. Mulder was not made a party, but we shall pass that for the moment and proceed to determine whether the pleadings appearing in this action actually seek a declaratory judgment under G. S. 1949, 60-3127 to 60-3132, inclusive. This same point was recently considered in *Farm Bureau Mutual Ins. Co. v. Barnett*, 189 Kan. 385, 369 P. 2d 350, where it was stated that while the circumstances there existing met the qualifications that two or more parties were involved and an actual controversy existed between them, the parties had failed to agree in the pleadings as to how their contentions arose, and it was held that a declaratory judgment action was not the proper proceeding by which to obtain the relief sought. The case at bar goes even further because here allegations in the petitions of the Tannahills would be litigated under the judgment rendered in this case holding that Gardiner did not have permission of Mulder to drive the truck. In other words, the company seeks to obtain a predetermination of at least one very cogent element of the Tannahill tort actions. This is not the purpose for seeking relief by a declaratory judgment action and this court will not permit such procedure.

Judgment reversed with directions to the trial court to dismiss the action.