Albert R. EVANS, Appellant,

v.

GENERAL INSURANCE COMPANY OF AMERICA, Appellee.

No. 16477.

Court of Civil Appeals of Texas.

Dallas.

April 9, 1965.

Rehearing Denied May 14, 1965.

W. Newton Barnes, Dallas, for appellant.

Harris, Ball & Davis, Arlington, for appellee.

DIXON, Chief Justice.

Appellee General Insurance Company of America, hereinafter called General Insurance, brought this suit against Albert R. Evans, Morris W. Hussey and Shar Trucking, Inc., hereinafter called the Company. Appellee sued for and was awarded a declaratory judgment that it is under no obligation to defend Shar Trucking, Inc. or Morris Hussey in a personal injury suit brought against them by Evans.

Shar Trucking, Inc. is a corporation engaged in hauling sand, gravel and other materials. It is the insured in a policy of liability insurance issued by General Insurance. Hussey, a truck driver, is an em-

ployee of Shar Trucking, Inc. Evans is President of Shar Trucking, Inc.

On August 22, 1960 Evans, President of the Company, was injured when struck by a Company truck operated by Hussey on the storage lot where the Company's trucks were kept and its office was located. Thereafter Evans sued the Company and Hussey for damages for personal injuries allegedly caused by Hussey's negligent operation of the truck.

In its amended petition and trial amendment appellee General Insurance alleges that it is under no duty to defend the suit of Evans against the Company and Hussey because (1) Evans is an employee of the Company and the insurance does not apply to an employee with respect to an injury by another employee; (2) under the exclusions of coverage named in Sec. (g) of the policy the insurance does not apply to bodily injury of an employee of the insured arising from his employment; and (3) appellant Evans is a majority stockholder in the Company, therefore Evans and the Company are one and the same and Evans as party plaintiff cannot be allowed to bring suit against himself, which he is attempting to do when he sues the Company, his alter ego.

In his brief appellant Evans says (and it is not contradicted by appellee) that after General Insurance filed this suit for declaratory judgment he, Evans, dismissed his suit for personal injuries against the company and Hussey, and filed a cross-claim in this suit for his damages. On motion of appellee the cross-claim was severed from this suit. Following severance General Insurance filed its amended petition for declaratory judgment and Evans filed his second amended answer.

After a nonjury trial of appellee's suit for declaratory judgment the court rendered judgment declaring that General Insurance does not owe a duty to defend the damage suit filed by Evans against the Company and Hussey.

The insurance policy in question was never introduced in evidence, nor is a copy of it attached to appellee's amended petition. In a supplemental transcript there is a copy of an insurance policy which is described in the index as "Insurance Policy attached to Plaintiff's Original Petition as Exhibit 'A' ". However, the original petition is not shown anywhere in the record.

In his brief appellant Evans says, "Since the trial court and this court do not have before them the full text of the insurance policy in question we are constrained to accept the allegations of paragraphs V and VI of the Amended Petition for Declaratory Judgment as being the only provisions thereof pertinent to this case."

Paragraphs V and VI, above referred to, of the amended petition of appellee General Insurance are as follows:

"V.

Plaintiff would show the court that under the provisions of Section III of said policy of insurance, Plaintiff is relieved of the duty to defend on the policy in that such provision provides, in effect, that insurance for other than the named insured (Shar Trucking, Inc.) does not apply to an employee with respect to an injury to another employee, and that, therefore, under the fact situation presented in said suit on file, Defendants do not fall within the 'definition of insured'.

"VI.

Further, Plaintiff would show the court that said policy provides (Exclusions, Sec. (g)) that the policy does not apply to bodily injury of an employee of the insured arising from his employment."

Another important document which was not introduced in evidence and is not shown in the record anywhere is Evans' petition setting up his cross-claim which was severed

from this suit and which contains the allegations that furnish the basis of Evans' suit for damages against the Company and Hussey. As we shall later point out the nature of Evans' suit and the duty of General Insurance to defend it will depend on the allegations in the petition setting up the cross-claim.

## OPINION

■ In his first point on appeal Evans says the court erred in ruling that Evans, President of the Company, was an employee by virtue of such office within the meaning of the policy. Appellee General Insurance in its first counterpoint says that the court did not err in so ruling.

We agree with appellant. In Paragraphs V and VI of its petition for declaratory judgment appellee pleads that the insurance coverage does not apply when an employee causes an injury to another employee, or an injury to an employee of the insured arising from his employment. But the record before us fails to disclose that there is any provision in the policy to the effect that the insurance coverage does not apply when an employee negligently causes an injury to an officer of the corporation who is acting at the time in his capacity as an officer and not as an employee of the insured.

■ The mere fact that a person is an officer of a corporation does not mean that by virtue of his status as an officer he must also be regarded as an employee. In Horne Motors, Inc. v. Latimer, Tex.Civ.App., 148 S.W.2d 1000 the secretary-treasurer of a corporation was also employed as a bookkeeper. He was injured due to the negligence of an employee of the corporation. The facts showed that at the time of his injury he was acting in his capacity as an officer of the corporation, not as an employee. It was held that he had a right to sue the corporation. We think the case is authority for our holding that though a person may be an officer or an employee of a corporation, or both, he is not as a matter of law an employee by virtue of the fact that he is an officer. Appellant's first point on appeal is sustained.

In his second point on appeal appellant says that the court erred in finding that the injury of Evans arose from his employment within the meaning of the policy, there being no evidence to support such finding.

Again we agree with appellant. Our Supreme Court in the recent case of Heyden Newport Chem. Corp. et al. v. Southern Gen. Ins. Co., Tex., 387 S.W.2d 22, has held that "in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof."

■ The Supreme Court in the above case expressly approved and quoted from Maryland Casualty Co. v. Moritz, Tex.Civ. App., 138 S.W.2d 1095, as follows:

"'In the instant case, the issue involved depends not upon ultimate liability, established after trial on the merits, of the insurer for the damages sustained; but upon the provision of the policy wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy even though such suit may have been groundless, false or fraudulent. *In such instance, in testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition.*'" (Emphasis added)

■ As we have said, the petition of Evans in his suit against the Company is nowhere shown in the record before us. We have no way of knowing what his allegations are in that suit which is the severed cross-claim referred to heretofore. The burden was on appellee General Insur-

ance in its suit for declaratory judgment to show by Evans' petition in his damage suit against the company that Evans had alleged a suit which did not come within the terms of the policy.

We do not consider the evidence in this case material in view of the holding in the Heyden Newport Chemical case above referred to. Nevertheless, we have examined the statement of facts. We find no evidence that would support a finding that Evans was acting as an employee rather than as an officer at the time he was injured. Appellant's second point is sustained.

In his third point appellant asserts that the court erred in finding that the suit by Evans against the Company is against public policy, therefore General Insurance has no duty to defend the Company. General Insurance in answering this point argues that the Company is merely the alter ego of Evans and he will not be allowed to sue himself.

Our Supreme Court long ago held that a contract, not in itself immoral, nor in contravention of any law, cannot be contrary to public policy. Miller v. Roberts, 18 Tex. 16, 20 (1856). It has also been held that to be contrary to public policy a contract must involve the interest of others than the parties to the contract. St. Regis Candies v. Hovas, 117 Tex. 313, 3 S.W.2d 429, 433 (Comm. of App., opinion adopted); Reef v. Mills Novelty Co., 126 Tex. 380, 89 S.W.2d 210; Crutchfield v. Associates Investment Co., Tex.Civ.App., 376 S.W.2d 957. Since the petition for cross-claim is not shown in the record there is no basis for our holding that Evans alleged a contract contrary to public policy. And an examination of the statement of facts discloses no evidence that the contract here involved is contrary to public policy.

Appellee contends that since Evans testified that he owns 70 per cent and his wife

10 per cent of the corporation stock, the Company is the alter ego of Evans himself, consequently he will not be permitted to sue himself, as he is attempting to do by his suit against the Company. There is no showing in the record before us that the Company is merely Evans' alter ego.

The fact that a majority or even all of a corporation's stock is owned by one person does not of itself constitute the corporation the alter ego of such person, or destroy the corporation as a separate entity, or render such person the legal owner of the corporation's property. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216, 224. Of course in a certain sense, as restricted by law, the owner or owners of a majority stock control the legitimate operation of the corporation within the limits of its corporate purposes and functions. But unless the owner or owners of all or nearly all of the corporation stock themselves ignore the corporate entity, or the corporation is shown to be a mere fiction or false front set up by the owner or owners of all or nearly all of the corporation stock to conceal his or their fraudulent business operations individually the corporate entity will not be pierced or ignored in order to hold such stockholders accountable under the alter ego doctrine. See 14 Tex.Jur.2d 128–134 and cases there cited. Appellant's third point is sustained.

We have concluded that the judgment should be reversed. However, under the circumstances we do not believe that we should render judgment in favor of appellant. Perhaps in another trial the insurance policy in question and the petition in Evans' damage suit against the Company, that is, Evans' severed cross-claim, will appear in the record. Then a better analysis of Evans' suit will be possible to determine whether it is the kind of legal action which General Insurance is obligated to defend under the terms of its policy.

Reversed and remanded.