FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Petitioner,

v.

Jesse L. BURCH et ux., Respondents.

No. B–914.

Supreme Court of Texas.

Oct. 9, 1968.

Rehearing Denied Oct. 30, 1968.

Second Rehearing Denied and Dissenting Opinion Jan. 22, 1969.

Small, Herring, Craig, Werkenthin & Shannon, C. C. Small, Jr., Charles Herring and Bob E. Shannon, Austin, for petitioner.

Garey, Colbert & Kidd, Joe Colbert, Austin, for respondents.

NORVELL, Justice.

On December 1, 1965, Dorothy Burch was injured in a collision between the car in which she was riding and an automobile driven by Sarah Buttler, the wife of Larry Buttler. Dorothy Burch and her husband, Jesse L. Burch, sued Sarah and Larry Buttler for damages and this action has not been determined. On December 7, 1966, Jesse L. and Dorothy Burch filed this suit in the form of a declaratory judgment against Firemen's Insurance Company of Newark, New Jersey. The insurance company filed a cross-action and the trial court entered a declaratory judgment decreeing that:

"[T]he defendant Firemen's Insurance Company of Newark, New Jersey, is obligated by virtue of its Policy No. AFT 322361 to defend Larry J. Buttler in Cause No. 152,097 styled Dorothy M. Burch, et vir v. Sarah C. Buttler, et vir, in the 53rd Judicial District Court of Travis County, Texas, and that since Larry J. Buttler is liable for the torts of his wife, Sarah C. Buttler, committed during their marriage, the defendant, Firemen's Insurance Company of Newark, New Jersey, is obligated by virtue of Policy No. AFT 322361 to pay on behalf of Larry J. Buttler any judgment rendered against him in said Cause No. 152,097 to the full extent of its policy coverage, * * *."

The court also declared that the insurance company was not obligated to defend Sarah C. Buttler[1] and was "not obligated to pay any judgment rendered against her" in the case of Burch v. Buttler. This declaratory judgment was affirmed by the Court of Civil Appeals. 426 S.W.2d 306.

The question of the insurance company's duty to defend presented a justiciable issue. No complaint is made of the trial court's disposition of this issue and that portion of the trial court's judgment relating thereto will not be disturbed. However, that portion of the decree which attempts to declare the liability of the insurance company upon any judgment

---

1. Larry Buttler and Sarah Buttler have been divorced and at the time of the rendition of judgment in this cause, May 10, 1967, Sarah was the wife of Hilton Cromier. She will, however, be referred to herein as Sarah Buttler.

which may hereafter be rendered in the case of Burch v. Buttler is purely advisory in nature and beyond the power and jurisdiction of the district court to render. Accordingly, such portion of the trial court's judgment is vacated.

■ This court has repeatedly held that under our Constitution, the judicial power does not embrace the giving of advisory opinions. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933); California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960); United Services Life Insurance Co. v. Delaney, 396 S.W.2d 855 (Tex.Sup.1965), and authorities therein cited. Article 5, § 8 of the Texas Constitution, Vernon's Ann.St. does not empower the district courts to render such opinions and as jurisdiction is a matter of constitutional delineation, the Legislature could not and has not by the passage of the Uniform Declaratory Judgments Act, empowered the district courts to render advisory opinions. In 1960, this court again reiterated the principle that the giving of such opinions is not a judicial function, but that in governmental affairs, the duty to render advisory opinions is vested in the executive branch of government and that in private business, the giving of legal advice is the function of the legal profession. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960). Also in the Puretex case, this court cited and quoted from Ladner v. Siegel, 294 Pa. 368, 144 A. 274 (1928), as correctly laying down the proposition that the Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations, or determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication.

*Puretex* controls this case. The parties have posed a problem which is hypothetical, "iffy" and contingent. Firemen's Insurance Company, as petitioner here, presents the following points of error:

"The Court of Civil Appeals erred in holding that Larry Buttler was legally obligated within the terms of the insurance policy here involved to pay damages occasioned by the tort of his wife (Sarah Buttler) even though he in no way participated therein."

"The Court of Civil Appeals erred in failing to hold that in any event Larry Buttler's legal obligation for a tort of his wife, not participated in nor aided or abetted by him, should be the amount of his interest in the community estate of the marriage subject to execution and consequently petitioner's liability under its policy would be limited to such amount."

■ The contentions raised by these points present interesting questions of law as is demonstrated by the opinion of the Court of Civil Appeals. The question posed is whether or not under the facts of this case, Larry Buttler is liable for the torts of his wife, Sarah Buttler. But, no court has yet decided whether Mrs. Buttler has committed a tort which would render her liable in damages to Mrs. Burch. That is the issue involved in the untried cause of Burch v. Buttler. At present, the question is hypothetical—"*If* Mrs. Buttler be held liable to Mrs. Burch for damages in tort, is Larry Buttler to be held liable also although he did not aid or abet in the conduct of his wife, which is alleged to be tortious." Should this question be answered, then the following "iffy" question arises. *If* Larry Buttler be held liable for his wife's tort, should the liability of the petitioner insurance company be limited to the amount of his interest in the community estate of the marriage subject to execution?

Of course, *if* Mrs. Burch should fail to establish her case against Mrs. Buttler, the questions raised by petitioner's points would be purely academic and we would have had a considerable amount of judicial wheel spinning for nothing.

# 334

We can well appreciate that the parties would prefer a definite answer by this court to the questions posed by petitioner's points rather than to take an "educated guess" based upon a study of our prior decided cases and authoritative materials as to what we would hold,—as, if and when the questions are presented in justiciable form. However, the giving of advice as to proposed or possible settlements is not a judicial function. As a practical matter if for no other reason, this must be left to the profession.

In Lide v. Mears, 231 N.C. 111, 56 S.E.2d 404 (1949), cited with approval in the Puretex case, the North Carolina Supreme Court said:

"There is much misunderstanding as to the object and scope of this legislation (Uniform Declaratory Judgment Act). Despite some notions to the contrary, it does not undertake to convert judicial tribunals into counsellors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their legal affairs. Town of Tryon v. Duke Power Co., 222 N.C. 200, 22 S.E.2d 450; Allison v. Sharp, 209 N.C. 477, 184 S.E. 27; Poore v. Poore, 201 N.C. 791, 161 S.E. 532; Anderson on Declaratory Judgments, section 13. This observation may be stated in the vernacular in this wise: The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice."

Our investigation of cases from other jurisdictions further convinces us that the rules as to advisory opinions heretofore enunciated by our courts[2] represent the sounder view. In Prashker v. United States Guarantee Company, 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956), the Court of Appeals of New York considered a question similar to that now before us. It

appears that a private plane being piloted by Nathan Prashker with Harold Weissman as a passenger crashed near Pittsburgh, Pennsylvania. Both Prashker and Weissman were killed. Weissman's administratrix sued Prashker's estate and the corporation that owned the plane. Notification was given to the insurance carrier. Liability was denied upon the ground that Prashker at the time of the plane crash was violating the regulations of the Civil Aeronautics Administration and hence the loss came within an exclusion of the policy. Prashker's estate and the corporate owner of the plane then sued the insurance company seeking a declaratory judgment determining that the accident was covered by the policy and that the insurance company was obligated to defend. The New York court held in a unanimous opinion written by Judge Van Voorhis that the insurance company was bound to defend the Weissman action but that the suit to declare whether or not the insurance company was liable on the policy was premature and must await the disposition of the Weissman action. The court said:

"The courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events. Guardian Life Ins. Co. of America v. Graves, 268 App. Div. 809, 48 N.Y.S.2d 618; Maryland Cas. Co. v. Tindall, D.C., 30 F.Supp. 949, affirmed 8 Cir., 117 F.2d 905; American Fidelity & Cas. Co. v. Service Oil Co., 4 Cir., 164 F.2d 478. In the last-cited case, at page 480, the court said that 'if any controversy should subsequently arise between the insured and the company as to the coverage of the policy, it can be litigated as well after the conclusion of the litigation in the state court as now.'"

Similarly, in State Automobile & Casualty Underwriters v. Gardiner, 189 Kan. 544, 370 P.2d 91 (1962), the insurance company

**2.** See collation of Texas cases set forth in United Services Life Insurance Co. v. Delaney, 396 S.W.2d 855 (Tex.Sup. 1965).

urged in a declaratory judgment proceeding that it was not liable upon an insurance policy for the tort (reckless driving of a truck) of Walter James Gardiner because Gardiner was not driving the vehicle which figured in a collision with the consent of the insured, Leon Mulder. A number of suits had been filed against Gardiner and Mulder. The Kansas court pointed out that the insurance company was seeking to obtain a predetermination of at least one very cogent element in the pending tort actions. The court said, "This is not the purpose for seeking relief by a declaratory judgment action and this court will not permit such procedure."

See also and compare: Tennessee Farmers Mutual Insurance Company v. Hammond, 200 Tenn. 106, 290 S.W.2d 860 (1956); State Farm Mutual Automobile Insurance Company v. Semple, 407 Pa. 572, 180 A.2d 925 (1962); Burns v. Hartford Acc. & Indemn. Co., 157 So.2d 84 (Fla. App.1963); Liberty Mutual Insurance Co. v. Lee, 117 F.2d 735 (5th Cir. 1941); 20 Am.Jur. 436, Courts, § 75; 21 C.J.S. Courts § 36, p. 46.

█ While other jurisdictions possibly having different constitutional provisions may hold differently from our present holding, we feel that the result here announced is in keeping with our previous holding in California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960). In the absence of a constitutional provision authorizing the Texas courts to render advisory opinions, such power does not exist and may not be conferred by agreement of the parties.

The judgments of the courts below are in part reversed. That portion of the trial court's judgment relating to the duty to defend is affirmed. That portion of the judgment purporting to declare the rights and obligations of the petitioner insurance company under its contract of insurance issued to Larry Buttler is vacated.

Costs are adjudged equally between Jesse L. and Dorothy Burch and Firemen's Insurance Company of Newark, New Jersey.

## ON MOTION FOR REHEARING

SMITH, Justice (dissenting).

I am now convinced that the Court was in error in holding that the judgment of the trial court declaring the liability of Firemen's Insurance Company upon any judgment which may be rendered in the case of Burch v. Buttler was "purely advisory in nature and beyond the power and jurisdiction of the district court to render." I agree with the general proposition that the judicial power does not embrace the giving of advisory opinions. At the same time, the Court should recognize that the Constitution of Texas does not prohibit advisory opinions by definition. In fact, there is no definition of "judicial power" in the Constitution. The Texas Constitutional provisions with reference to "judicial power" is very similar to the Federal Constitution, Section 1 of Art. 3, which provides that, "[t]he judicial Power of the United States, shall be vested in one supreme Court and in such inferior Courts as the Congress may from time to time ordain and establish." In the final analysis, the question is, have the parties, Burch, in seeking a declaration of Firemen's liability under its policy in advance of a determination that Sarah Buttler is legally responsible for the Burch injuries, and Firemen's, by cross-action, in seeking a declaration that it is not liable, presented an actual controversy within the meaning of the Uniform Declaratory Judgment Act? Although both parties have, in my opinion, drawn an issue, within the purview of the Uniform Declaratory Judgment Act, this Court, on its own motion, has raised the question and held that under the record in this case, the Court is merely asked to render an advisory opinion on a hypothetical state of facts. With this conclusion, I respectfully disagree.

Underlying the concept of justiciability is the requirement that parties having adverse legal interests be involved in a real and substantial controversy. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct.

461, 81 L.Ed. 617 (1937); Borchard, Declaratory Judgments 33–56 (2d ed. 1941). The requisite controversy, however, does not have to have reached the point where an invasion or threatened invasion of rights has already occurred. It is sufficient if there is a present practical need for the determination of an antagonistic assertion and denial of rights between parties having adverse legal interests with respect to the issue in question. This has been particularly true in the area of insurance. For example, where a tort claimant has already gotten judgment against an *insured* defendant, it is settled that the claimant has a sufficient interest in the insurance contract as a third party beneficiary for a justiciable controversy to exist between him and the insurer. Developments in the Law—Declaratory Judgments, 62 Harv.L.Rev. 787, 851 (1949). Moreover, if a damage suit is brought against the insured, there, of course, exists a justiciable controversy between the insured and the insurer with respect to the insurer's obligation to defend the suit. Maryland Cas. Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); see Evans v. General Ins. Co. of America, 390 S.W.2d 818 (Tex.Civ.App.1965, no writ).

If, as in the present case, the injured party's suit against the insured is still pending, most courts have reached the conclusion that a justiciable controversy does exist between the injured party and the insurer concerning the issue of the insurer's liability under the policy.[1] Professor Borchard, a co-draftsman of the Uniform Declaratory Judgments Act, points out that one of the main purposes of the declaratory judgment is to remove clouds from legal relations before they become completed attacks. This purpose, he submits,

is left unfulfilled when a court refuses to recognize the justiciability of a dispute between an insurance company and the injured party until judgment is obtained against the insurer. In answer to the assertion that a declaratory judgment would be "premature" or that there is only a "contingent future possibility of dispute", Professor Borchard states that:

> "If there is a human probability that danger or jeoparty or prejudice impends from a certain quarter, a sufficient legal interest has been created to warrant a removal of the danger or threat. * * * It seems clear that the probable, practically inevitable, claims of an injured person under the usual casualty policy can never be deemed merely hypothetical or insufficiently ripe for an adjudication of the question of insurer's liability" Borchard, Declaratory Judgments 637 (2d ed. 1941).

The record in this case does not present a mere remote or future possibility of dispute; the facts present a real and substantial controversy between the parties. A decision by this Court of the issue drawn by the pleadings and evidence in the trial court will finally determine the adverse positions of the parties. The Court does not reach the merits of the case. Therefore, this dissent refers to the facts only for the purpose of emphasizing that this is a genuine declaratory judgment action brought to determine whether or not a husband is legally liable under the terms of a "Family Automobile Policy" to pay damages arising out of a tort committed solely by his wife. The "Family Automobile Policy" involved was obtained by Larry Buttler and his wife, Sarah, in 1963, while they were living together as husband and wife; the policy was renewed each year; Buttler and his wife separated in mid-October, 1965; the collision occurred December 1,

1. Maryland Cas. Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); Standard Cas. Co. v. Boyd, 75 S.D. 617, 71 N.W.2d 450 (1955); St. Paul Fire and Marine Ins. Co. v. Johnson, 216 Ga. 437, 117 S.E.2d 459 (1960); Borchard, Declaratory Judg- ments 646–652 (2d ed. 1941); Developments in the Law—Declaratory Judgments, Harv.L.Rev. 787, 851 (1949). A Texas Court of Civil Appeals opinion is in accord with this view. Sheppard v. Employers Cas. Co., 365 S.W.2d 367 (Tex.Civ.App.1963, no writ).

1965; the policy was in effect at that time; Sarah was driving her father's car, one of the cars involved in the collision. Firemen's takes the position that since Buttler only was listed as the "Named Insured" and since the Buttlers were separated at the time of the collision, it had no obligation to defend Sarah or pay any judgment rendered against Buttler because of the negligence, if any, of Sarah. Firemen's admits that it was liable to provide Buttler with a defense. When the policy was issued and renewed Buttler and his wife were living in the same household; the premiums were paid by the community. The insurance company should not be permitted to avoid its contractual obligations under the policy merely because Sarah was not listed as a "Named Insured." It is unsound to hold that because the question of Sarah's negligence has not been determined and possibly may never be determined, an opinion in the present case would be purely advisory. This Court in the case of Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837 (1945), gave the Declaratory Judgment Act a liberal construction in holding the factual situation there presented a controversy within the meaning of the Uniform Declaratory Judgment Act, Article 2524–1, Vernon's Texas Revised Civil Statutes Annotated (1964), "even before the wrong" had actually been committed.

In the light of the facts in this case, the Court should recognize that a justiciable controversy has been presented which brings the case squarely within the constitutional grant of judicial authority. The facts call for judicial declaration of the contractual obligations of Firemen's under the terms of its policy. The parties are entitled to a declaratory judgment which would constitute a binding adjudication of their contested rights. See Douglas Oil Co. v. State, 81 S.W.2d 1064 (Tex.Civ.App. 1935). Our Declaratory Judgment Act, just as does the Declaratory Judgment Act, 28 U.S.C. § 2202, gives to the trial courts power in cases of actual controversy to declare rights and other legal relations of any interested party arising from contracts of insurance. The parties to this litigation are definitely interested parties. They seek and are entitled to a judicial determination of the extent of coverage of Firemen's policy. See Maryland Cas. Co. v. Consumers Finance Service, 101 F.2d 514 (3rd Cir. 1938); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

Furthermore, I respectfully disagree with the Court's holding that our case of California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960) controls this case. As heretofore indicated, I have no quarrel with the general proposition that advisory opinions are outside the scope of judicial power, but I disagree with the view that *Puretex* is decisive of the question here. In *Puretex,* a declaratory judgment would not settle the controversy. In our case there is no "fish[ing] in judicial ponds for legal advice." In *Puretex,* we said:

> "A declaratory judgment rendered herein would not settle the controversy between the parties. The permanent injunction * * * is still outstanding. A violation of that judgment is subject to be punished for contempt in a proper proceeding. *It cannot be determined whether or not a proposed bottle will be violative of the injunction issued * * * until California Products seeks to market its product in a bottle in the same market with Puretex. * * * Should we decide that the bottle proposed to be used by California Products did violate the injunction, we would settle nothing. California could continue indefinitely to propose bottles of different sizes, shapes and colors on which it could seek an equally indefinite number of advisory opinions * * *."* (Emphasis added.)

Our case is far different. For example, Firemen's is not and cannot be a party to the suit between Buttler and Burch. This case is the only case pending in which the policy coverage issue can be decided.

The question of the extent of coverage Firemen's policy affords the husband, Larry Buttler, on account of the torts of his wife, Sarah, and no one else. We do not have a question of a change in size of bottle as in *Puretex*. So far as this case is concerned we have one wife and one insured and only one case in which the controversy can be decided. Perhaps it is an "iffy" proposition as whether or not Sarah will be found guilty of a compensable tort, but there is nothing "iffy" in the proposition that a judgment as to the contractual liability, if any, under the policy to protect Buttler will be final.