**CITY OF RICHARDSON, Texas, Appellant,**

v.

**Vernon E. GATLIN, Appellee.**

**No. 4636.**

Court of Civil Appeals of Texas. Eastland.

July 13, 1973.

Rehearing Denied Aug. 3, 1973.

Robert L. Dillard, III, Saner, Jack Sallinger & Nichols, Dallas, for appellant.

H. P. Kucera and Thomas C. Unis, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

RALEIGH BROWN, Justice.

Prior to a Wet-Dry Election, Vernon E. Gatlin sued the City of Richardson chal-

lenging the validity of a city ordinance which regulates the sale of alcoholic beverages within the City of Richardson. The city filed a cross-action seeking a declaration as to the validity of the ordinance. Following the election which resulted in the city remaining dry, Gatlin filed a motion to dismiss his lawsuit and also a motion to dismiss the cross-action of the city on the grounds that the city was seeking an advisory opinion on a non-existent issue. The trial court granted both motions, City of Richardson appeals. We agree with the trial court.

Our Supreme Court in Firemen's Insurance Company of Newark, New Jersey v. Jesse L. Burch et ux, 442 S.W.2d 331, (Tex.Sup.1968), stated:

"This court has repeatedly held that under our Constitution, the judicial power does not embrace the giving of advisory opinions. . . . Article 5, § 8 of the Texas Constitution, Vernon's Ann.St. does not empower the district courts to render such opinions and as jurisdiction is a matter of constitutional delineation, the Legislature could not and has not by the passage of the Uniform Declaratory Judgments Act, empowered the district courts to render advisory opinions. . . . Also in the Puretex case, this court cited and quoted from Ladner v. Siegel, 294 Pa. 368, 144 A. 274 (1928), as correctly laying down the proposition that the Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations, or determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication."

The election denied the sale of alcoholic beverages in the City of Richardson, thus the lawsuit became hypothetical and contingent. The motion of Gatlin specifically pointed out the defect. This defect could not be cured by amended pleadings. Having considered all points of error, the trial court is affirmed.