**Randy WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–86–0116–CR.

Court of Appeals of Texas,
Amarillo.

Oct. 21, 1986.

Richard D. Ladd, Vanderpool & Ladd, Pampa, for appellant.

David Hamilton, Asst. Dist. Atty., Pampa, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury convicted appellant Randy Williams of aggravated perjury and, upon appellant's election, the court assessed his punishment, probating the five years confinement assessed. On appeal, appellant contends for a reversal on the sole theory that the court erroneously found that the allegedly perjurious statement, if made, was material. In turn, the State, albeit seeking an affirmance of the judgment, also independently seeks to challenge the constitutionality of article 37.07, § 2(b)(2), of the Texas Code of Criminal Procedure (Vernon Supp.1986), on the ground that by providing appellant an election of the punishing authority, the statute denied it the opportunity for the jury's assessment of punishment.

While the appeal was under submission, but before the Court released its decision, appellant filed his written request, signed by him and his counsel, to withdraw his notice of appeal. Since no decision of this Court has been delivered prior to the receipt of appellant's request, his motion is granted. Tex.R.App.Proc. 59(b).

The granting of appellant's motion, which effects a dismissal of the appeal and, in essence, the affirmance the State

seeks, pretermits an address of the State's challenge to the constitutionality of the statute. Given these circumstances, to undertake a resolution of the State's challenge would both embrace the giving of an advisory opinion, which the Court is not empowered to give, *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333–35 (Tex.1968), and permit the State the right of appeal in a criminal case, which is denied to it. Tex. Const. art. 5, § 26; Tex.Code Crim.Proc. Ann. art. 44.01 (Vernon Supp.1986).

Accordingly, the appeal is dismissed.

Because the appeal is dismissed at appellant's personal request, no motion for rehearing will be entertained, and the mandate will issue forthwith.