Opinion issued on May 8, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00878-CV




CAMPUS COMMUNICATIONS, INC. D/B/A A&M MAGAZINE, AND
MICHELLE BRENCKMAN, Appellant

V.

TEXAS A&M UNIVERSITY SYSTEM AND RAY BOWEN, PRESIDENT
OF TEXAS A&M UNIVERSITY, Appellees




On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 02-000208-CV-272




MEMORANDUM OPINION
          Michelle Breckman and Campus Communications, Inc., appellants, sued Texas
A&M University and Ray Bowen, appellees, for a declaratory judgment and
injunctive relief to prohibit appellees from continuing to violate appellants’
constitutional rights. The trial court granted appellees’ plea to the jurisdiction and
dismissed the suit for want of jurisdiction. 
          In two issues, appellants argue that the trial court had subject matter
jurisdiction over appellants’ claims and erred in granting appellees’ plea to the
jurisdiction. 
          Because the issues before us are moot, we dismiss this appeal.
Facts
          Appellants entered into a licensing agreement with the University in 1986. The
agreement allowed appellants to publish a magazine using the University’s
trademarks of “GiG’em Aggies” and “the thumb.” In 1992, appellants’ licensing
agreement with the University was automatically renewed. In March of 1995,
following disputes over the University’s policies regarding use of trademarks and
controversial articles published by appellants’ magazine, the University informed
appellants that the licensing agreement would not be renewed at the end of the year.
          Appellants contend that the University’s decision not to renew the licensing
agreement was an act of retaliation by the University because appellants had been
critical of the University in some of the magazine’s articles. Appellants claim that
appellees’ conduct violated appellants’ right to free speech and denied them of
property and liberty interests. 
Discussion
          In two issues, appellants argue that the trial court had subject matter
jurisdiction over appellants’ claims and erred in granting appellees’ plea to the
jurisdiction. Appellees contend that the case is moot because appellants are not
seeking relief that would resolve a justiciable controversy between the parties.
          Declaratory judgment actions cannot be used to resolve hypothetical or
contingent situations. Firemen’s Ins. Co. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968). 
Appellate courts are prohibited from deciding moot controversies. Nat. Collegiate
Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). To avoid rendering advisory
opinions, a court should only decide cases in which a live controversy exists at the
time of the decision. Camarena v. Texas Employment Comm’n, 754 S.W.2d 149, 151
(Tex. 1988). A case is moot when (1) a party seeks a judgment to resolve a
controversy, but no controversy exists, or (2) judgment is sought on a matter which,
when rendered for any reason, cannot have a practical legal effect on an existing
controversy. Texas Health Care Info. Council v. Seton Health Plan, Inc., 94 S.W.3d
841, 847-48 (Tex. App.—Austin 2002, no pet. h). Cases have also been determined
to be moot when the allegedly wrongful behavior has passed and can not be expected
to recur. Securities & Exch. Comm’n v. Med. Comm. for Human Rights, 404 U.S.
403, 406, 92 S. Ct. 577, 579 (1972). 
          The licensing agreement between appellants and the University ended in
December of 1995. All of the alleged unconstitutional conduct of appellees was
related to the publication of the magazine and the licensing agreement between
appellants and appellees. Appellants are seeking a declaratory judgment and
injunctive relief to prohibit appellees from violating appellants’ constitutional rights
in the future, but we can only speculate as to what situations might arise in the future
to prompt further alleged unconstitutional action on the part of appellees. Even if
appellees engaged in wrongful behavior in the past, there is no evidence to suggest
that similar wrongful behavior will recur, especially in light of the fact that appellants
no longer have a licensing agreement with the University. See Med. Comm. for
Human Rights, 404 U.S. at 406, 92 S. Ct. at 579. Accordingly, we hold that the issues
before us are moot. 
          We overrule issues one and two.
Conclusion
Because the issues before us are moot, we dismiss this appeal. 

 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.