**Opinion filed February 4, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00189-CV

_____

## JIM HILL, Appellant

## V.

## SPORTSMAN'S WORLD RECREATIONAL ASSOCIATION, INC., Appellee

On Appeal from the 29th District Court

Palo Pinto County, Texas

Trial Court Cause No. C 41840

## M E M O R A N D U M   O P I N I O N

This appeal arises from a declaratory judgment involving the construction of restrictive covenants and the levy of fees by a property owners' association. Upon construing the applicable covenants, the trial court rendered judgment against Jim Hill and in favor of Sportsman's World Recreational Association, Inc. The trial court declared that the Association may levy assessments against individual lots and is not required to levy assessments against individual living units within the Sportsman's World subdivision and that, in exercising its discretionary authority, the Association

had not acted arbitrarily, capriciously, or discriminatorily. The trial court awarded the Association $30,085 for attorney's fees through trial plus additional amounts in the event of an appeal. Hill appeals. We affirm.

In his first issue, Hill contends that the trial court misconstrued and misapplied the relevant provisions of the subdivision's declarations of covenants, conditions, and restrictions and also that the trial court erred in determining that the Association acted within its discretion in the manner in which it levied assessments. In his second issue, Hill challenges the award of attorney's fees.

The record shows that Hill owns various properties in the Sportsman's World subdivision and that he filed this suit because he does not approve of the manner in which the Association levies fees against the various types of properties within the subdivision.[1] The Association counterclaimed, and both parties requested attorney's fees along with their requests for declaratory relief.

As amended, the covenants applicable to all residential properties within the Sportsman's World subdivision provide in relevant part as follows:

> [Article III, Section 1] <u>Creation of the Lien and Personal Obligation of Assessments</u>. The Declarant, for each Lot and/or Living Unit owned within the Subdivision, hereby covenants, and each Owner of any Lot and/or Living Unit by acceptance of a deed therefor, or by acceptance of a deed for property upon which such Living Unit is located or to be located . . . is deemed to covenant and agree to pay to the Association: (1) annual assessments or charges, and (2) special assessments for capital improvements . . . .

> [Article III, Section 3] <u>Annual Assessments</u>. The Association, by action of its Board of Trustees, shall levy annual assessments against the Lots, Tracts or Living Units, and the Owners of such Lots, Tracts or Living Units, to obtain funds reasonably anticipated to be needed for purposes stated in Section 2 . . . . Such annual assessments shall be levied on a uniform basis . . . .

Each residential lot is limited to one single-family residence. Pursuant to the covenants of the ranch estates, any residential tract or resubdivision thereof "shall be deemed . . . to be a residential Lot" and subject to the assessments levied pursuant to Article III.[2] A "Lot" is defined as a residential plot

---

[1]We note that this is not the first dispute between these parties regarding the levy of assessments and the construction of the applicable restrictive covenants. *See Hill v. Sportsman's World Recreational Ass'n*, No. 11-97-045-CV (Tex. App.—Eastland April 2, 1998, pet. denied) (not designated for publication).

[2]We note that separate provisions apply to the assessment of properties within the ranch estates that are strictly nonresidential; however, those provisions are not at issue in this case.

2

of land, and a "Living Unit" is defined as a structure "designed and intended for occupancy and used as a residence by one person, by a single family, or by persons living together as a single housekeeping unit." Pursuant to the definition of "Living Unit," each condominium, apartment, or townhouse in a multi-unit structure "shall be considered as a separate Living Unit."

Pursuant to the above provisions, the Association levies uniform assessments against each residential lot and residential ranch property. According to the president of the Association, using living units as the basis for assessments would create a practical problem with respect to the ranch estates because mobile homes are sometimes moved in and out and much of the property in the ranch estates cannot be viewed from the road. Accordingly, the Association has never used living units as the basis for its assessments. There are no multi-family developments within Sportsman's World, and all owners of living units currently pay assessments because the assessments are levied against the lots on which the owners' living units are located. The Association's president testified that, if condos were to be constructed in the future, then the Association would have to reconsider and determine how those would be assessed. At trial, Hill named one ranch property that he said was currently being assessed as one lot even though it had more than one living unit located on it. He testified that he was "not sure" about any others.

We must construe the covenants together giving effect to all of the provisions in the covenants and avoid rendering any provision meaningless. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). If the language in a written instrument can be given a definite legal interpretation, courts will construe the instrument as a matter of law. *Id.* Article III, section 3 is not ambiguous; it permits the Association to uniformly assess lots, tracts, "or" living units. The Association has done just that; it levies assessments against each residential lot. We hold that the trial court did not misconstrue or misapply the covenants.

Hill next argues that the Association's exercise of discretionary authority was arbitrary, capricious, or discriminatory. Pursuant to TEX. PROP. CODE ANN. § 202.004(a) (Vernon 2007), the exercise of discretionary authority by a property owners' association concerning a restrictive covenant "is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." As applied to the circumstances as they existed at trial and prior thereto – including the lack of any multi-family

3

development, the difficulty in assessing separate living units in the ranch estates, and the actual levy of assessments against all owners of living units via the assessments levied against their lots – the trial court did not err in determining that the Association's exercise of its discretionary authority was not shown to be arbitrary, capricious, or discriminatory. We note that Hill bases much of his argument on the possibility that, sometime in the future, a multi-family development will be constructed in the subdivision and that the owners of such living units will not be charged any assessment, thereby placing a disproportionate burden on the owners of the lots. Such an argument addresses a hypothetical situation and, thus, is not ripe for consideration in this declaratory judgment action. *See Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968); *City of Anson v. Harper*, 216 S.W.3d 384, 394-95 (Tex. App.—Eastland 2006, no pet.). The evidence supports the trial court's determination that the Association's exercise of discretionary authority was reasonable and was not arbitrary, capricious, or discriminatory.

We hold that the trial court did not misconstrue the covenants and that the trial court properly granted the declaratory judgment in favor of the Association. Hill's first issue is overruled.

In his second issue, Hill complains of the award of attorney's fees to the Association. Hill does not challenge the amount of the fees awarded or the authority of the trial court to award such fees pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). Hill's contention is that he should have been the prevailing party and, therefore, should have been awarded attorney's fees instead of the Association. In light of our ruling on Hill's first issue, we overrule Hill's second issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


February 4, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4