Opinion filed February 4, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed February 4,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00189-CV

                                                    __________

 

                                              JIM HILL, Appellant

 

                                                             V.

 

         SPORTSMAN=S WORLD RECREATIONAL ASSOCIATION, INC.,

                                                        Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                  Trial
Court Cause No. C 41840

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This
appeal arises from a declaratory judgment involving the construction of
restrictive covenants and the levy of fees by a property owners= association.  Upon
construing the applicable covenants, the trial court rendered judgment against
Jim Hill and in favor of Sportsman=s
World Recreational Association, Inc.  The trial court declared that the
Association may levy assessments against individual lots and is not required to
levy assessments against individual living units within the Sportsman=s World subdivision and
that, in exercising its discretionary authority, the Association had not acted
arbitrarily, capriciously, or discriminatorily.  The trial court awarded the
Association $30,085 for attorney=s
fees through trial plus additional amounts in the event of an appeal.  Hill
appeals.  We affirm.

In
his first issue, Hill contends that the trial court misconstrued and misapplied
the relevant provisions of the subdivision=s
declarations of covenants, conditions, and restrictions and also that the trial
court erred in determining that the Association acted within its discretion in
the manner in which it levied assessments.  In his second issue, Hill
challenges the award of attorney=s
fees.  

The
record shows that Hill owns various properties in the Sportsman=s World subdivision  and
that he filed this suit because he does not approve of the manner in which the
Association levies fees against the various types of properties within the
subdivision.[1]  The
Association counterclaimed,  and both parties requested attorney=s fees along with their
requests for declaratory relief.

As
amended, the covenants applicable to all residential properties within the
Sportsman=s World
subdivision provide in relevant part as follows: 

[Article
III, Section 1] Creation of the Lien and Personal Obligation of Assessments. 
The Declarant, for each Lot and/or Living Unit owned within the Subdivision,
hereby covenants, and each Owner of any Lot and/or Living Unit by acceptance of
a deed therefor, or by acceptance of a deed for property upon which such Living
Unit is located or to be located . . . is deemed to covenant and agree to pay
to the Association:  (1) annual assessments or charges, and (2) special
assessments for capital improvements . . . .

 

            [Article
III, Section 3] Annual Assessments.  The Association, by action of its
Board of Trustees, shall levy annual assessments against the Lots, Tracts or
Living Units, and the Owners of such Lots, Tracts or Living Units, to obtain
funds reasonably anticipated to be needed for purposes stated in Section 2 . .
. .  Such annual assessments shall be levied on a uniform basis . . . .

 








Each residential
lot is limited to one single-family residence.  Pursuant to the covenants of
the ranch estates, any residential tract or resubdivision thereof Ashall be deemed . . . to be
a residential Lot@ and
subject to the assessments levied pursuant to Article III.[2] 
A ALot@ is defined as a
residential plot of land, and a ALiving
Unit@ is defined as a
structure Adesigned
and intended for occupancy and used as a residence by one person, by a single
family, or by persons living together as a single housekeeping unit.@  Pursuant to the
definition of ALiving
Unit,@ each
condominium, apartment, or townhouse in a multi-unit structure Ashall be considered as a
separate Living Unit.@ 


Pursuant
to the above provisions, the Association levies uniform assessments against
each residential lot and residential ranch property.  According to the
president of the Association, using living units as the basis for assessments
would create a practical problem with respect to the ranch estates because
mobile homes are sometimes moved in and out and much of the property in the
ranch estates cannot be viewed from the road.  Accordingly, the Association has
never used living units as the basis for its assessments.  There are no
multi-family developments within Sportsman=s
World,  and all owners of living units currently pay assessments because the
assessments are levied against the lots on which the owners= living units are located. 
The Association=s
president testified that, if condos were to be constructed in the future, then
the Association would have to reconsider and determine how those would be
assessed.  At trial, Hill named one ranch property that he said was currently
being assessed as one lot even though it had more than one living unit located
on it.  He testified that he was Anot
sure@ about any
others.

We
must construe the covenants together giving effect to all of the provisions in
the covenants and avoid rendering any provision meaningless.  Coker v. Coker,
650 S.W.2d 391, 393 (Tex. 1983).  If the language in a written instrument can
be given a definite legal interpretation, courts will construe the instrument
as a matter of law.  Id.  Article III, section 3 is not ambiguous; it
permits the Association to uniformly assess lots, tracts, Aor@ living units.  The Association has done just
that; it levies assessments against each residential lot.  We hold that the
trial court did not misconstrue or misapply the covenants.  








Hill
next argues that the Association=s
exercise of discretionary authority was arbitrary, capricious, or
discriminatory.  Pursuant to Tex. Prop.
Code Ann. '
202.004(a) (Vernon 2007), the exercise of discretionary authority by a property
owners= association
concerning a restrictive covenant Ais
presumed reasonable unless the court determines by a preponderance of the
evidence that the exercise of discretionary authority was arbitrary,
capricious, or discriminatory.@ 
As applied to the circumstances as they existed at trial and prior thereto B including the lack of any
multi-family development, the difficulty in assessing separate living units in
the ranch estates, and the actual levy of assessments against all owners of
living units via the assessments levied against their lots B the trial court did not
err in determining that the Association=s
exercise of its discretionary authority was not shown to be arbitrary,
capricious, or discriminatory.  We note that Hill bases much of his argument on
the possibility that, sometime in the future, a multi-family development will
be constructed in the subdivision and that the owners of such living units will
not be charged any assessment, thereby placing a disproportionate burden on the
owners of the lots.  Such an argument addresses a hypothetical situation and,
thus, is not ripe for consideration in this declaratory judgment action.  See
Firemen=s Ins.
Co. of Newark, N.J. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968); City of
Anson v. Harper, 216 S.W.3d 384, 394-95 (Tex. App.CEastland 2006, no pet.).  The evidence
supports the trial court=s
determination that the Association=s
exercise of discretionary authority was reasonable and was not arbitrary,
capricious, or discriminatory.

We
hold that the trial court did not misconstrue the covenants and that the trial
court properly granted the declaratory judgment in favor of the Association. 
Hill=s first issue is
overruled. 

In
his second issue, Hill complains of the award of attorney=s fees to the Association. 
Hill does not challenge the amount of the fees awarded or the authority of the
trial court to award such fees pursuant to Tex.
Civ. Prac. & Rem. Code Ann. '
37.009 (Vernon 2008).  Hill=s
contention is that he should have been the prevailing party and, therefore,
should have been awarded attorney=s
fees instead of the Association.  In light of our ruling on Hill=s first issue, we overrule
Hill=s second issue.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

February 4, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 









[1]We note that this is not the first dispute between these
parties regarding the levy of assessments and the construction of the
applicable restrictive covenants.  See Hill v. Sportsman=s World Recreational Ass=n, No.
11-97-045-CV (Tex. App.CEastland April 2, 1998, pet. denied) (not designated
for publication).





[2]We note that separate provisions apply to the
assessment of properties within the ranch estates that are strictly
nonresidential; however, those provisions are not at issue in this case.