In the Matter of the Appointment of a Committee of the Estate of EVA REGINA MARSH, an Incompetent Person and an Inmate of the Central Islip State Hospital.

THE PEOPLE OF THE STATE OF NEW YORK and Another, Appellants; ABRAHAM L. DORIS, as Committee of EVA REGINA MARSH, Respondent.

Second Department, November 2, 1934.

*Peter J. Brancato, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General, Henry Epstein, Solicitor-General,* and *Robert P. Beyer, Assistant Attorney-General,* with him on the brief], for the appellants.

*H. Bernard Kaye,* for the respondent.

PER CURIAM. Treating this application as one to be relieved from the effect of a prior order, entered through mistake, inadvertence or excusable neglect, it is not barred by section 108 of the Civil

Practice Act, because of the one-year limitation therein. The court has inherent power beyond a one-year period to relieve from such an order or judgment to avoid miscarriage of justice. (*Ladd v. Stevenson*, 112 N. Y. 325; *Hatch v. Central National Bank*, 78 id. 487; *Cimpritz v. Borden's Farm Products Co., Inc.*, 240 App. Div. 778.)

The application was not identical with that made at the prior Special Term and which eventuated in the order of March 3, 1930. That order was not made on an application of the State or the Central Islip State Hospital to compel payment by the incompetent's estate of the costs of maintenance of the incompetent. It did result in a holding that the husband should not be relieved from his obligation to pay therefor. That primary obligation of the husband did not lessen the State's right to be reimbursed out of the estate of the incompetent independently of the husband's obligation when, as is the situation here, the incompetent's estate is sufficient for that purpose. In such an event the committee may have recourse to the husband to the extent of his ability to respond. Here, the State unnecessarily attempted to make the husband pay for the cost of maintenance of the wife independently of its right to have reimbursement out of the incompetent's estate. Its doing so unsuccessfully did not lessen or discharge the statutory obligation of the incompetent's estate to respond to the State.

The application which came on before the Special Term in this instance was based on a new and added fact: the failure and inability to compel the husband to reimburse the State. That fact was not before the Special Term when the order of March 3, 1930, was made. This application being different, the Special Term was, therefore, free to rule upon it and to enforce the statutory obligation of the incompetent's estate to reimburse the State. (Mental Hygiene Law, §§ 80, 82; *Matter of Bennitt*, March, 1933, Special Term, Albany County, not reported.)

The order should be reversed on the law and the facts, without costs, and the motion granted, without costs.

LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order denying motion to compel the committee to pay to Central Islip State Hospital, out of the incompetent's estate, a stated sum due for past maintenance, reversed on the law and the facts, without costs, and motion granted, without costs.