In the Matter of the Application of HENRY A. CORNELL, Committee of the Estate of ANNA B. or AMY BELL LANNING SMITH, or AMY B. SMITH or BELL LANNING SMITH, an Incompetent Person, for Certain Court Orders, Directions and Authorizations. BROOKLYN STATE HOSPITAL, Appellant; HENRY A. CORNELL, as Committee, etc., of ANNA B. SMITH, etc., an Incompetent Person, and PHILIP E. SMITH, Respondents.— Order modified by striking out the second and third ordering paragraphs thereof; and as so modified the order is affirmed, without costs. The record discloses no real controversy. It does not appear that the Brooklyn State Hospital or any of the public authorities acting in its behalf are making or seeking to enforce by any proceeding or action a claim for the board and maintenance of the incompetent person at the hospital to which she has been committed; or that any order has been made directing the committee of the incompetent or her husband to pay for such maintenance and care. The respective obligations of the husband and the committee for such care under sections 80 and 82 of the Mental Hygiene Law must be determined in a direct proceeding or action for the enforcement thereof when proof may be offered concerning the ability of such parties to pay; and the legal right of the husband to refuse to make such payment on account of the alleged pre-existing abandonment of him by his wife may be determined. As to the right to collect from the committee the amount of the estate and the income therefrom, and the necessity of conserving the principal fund in case the incompetent person should be restored to reason and of her necessities in the meantime, must be considered when proof is offered on that subject. Certain questions concerning concurrent and ultimate liability of a husband and wife have been determined by this court in *Matter of Marsh* (242 App. Div. 290), decided herewith. This record, on the application by the committee for instructions, furnishes no sufficient facts to determine liability, even if

the questions were properly here. An attempt to give instructions would be futile in the absence of proof of material facts. What is sought in this proceeding is in the nature of advice concerning the duties and obligations of the respective parties, and courts will not undertake to give such advisory opinion. There must be a dispute in an actual controversy between litigants in order to invoke jurisdiction and a determination in the courts. (*Matter of State Industrial Comm.*, 224 N. Y. 13; *Matter of Whitman, No. 1*, 225 id. 1, 8; *Board of Black River Regulating District* v. *Ogsbury*, 203 App. Div. 43, 47; affd., 235 N. Y. 600.) The order in effect determines that the priority of obligation rests on the husband for the care and maintenance of the wife in the hospital. A determination of final liability of parties in dispute cannot be had under the guise of asking the court for instructions. About all that can be said is that the committee may, in his discretion, refuse to make voluntary payments, and wait until he is brought into court in a proceeding to charge the estate with maintenance and care of the incompetent person at the hospital. Then the husband may be brought in as a party and the respective obligations of the parties determined. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.