In the Matter of the Application of SARAH RASKIN and Another, Respondents, for a Certiorari Order against HARRIS H. MURDOCK and Others, as Members and Constituting the Board of Standards and Appeals of the City of New York, Appellants.— Order of the Special Term confirming the report of the referee, sustaining the certiorari order and annulling the determination of the board of standards and appeals reversed on the law and the facts, with costs, and the matter remitted to the board for a new hearing and for the applicants to take such further proceedings as they may be advised, on the ground that no witnesses were called before the board on the hearing in June, 1933, to establish the fact that a variance should be granted because of unnecessary hardships and practical difficulties in respect to adapting the property to a conforming use; that the discretion to be exercised was that of the board and not of the referee acting upon new evidence and his personal inspection of the premises as opposed to a similar inspection made by four members of the board in reaching its determination. (*People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73; *Matter of New York & Richmond Gas Co.* v. *Connell*, 242 App. Div. 691.) The appeal from the order appointing a referee has apparently been abandoned and is now of no consequence. Therefore, that appeal is dismissed, without costs. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

In the Matter of the Application of GEORGE H. RILEY, Landlord, Respondent, for the Removal of FREDERICK FALK, Tenant, Appellant, from Certain Premises.— Order of the County Court of Suffolk county awarding possession of demised premises to the landlord in summary proceedings unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

In the Matter of the Application of ROSE ROSENBERG, Respondent, for a Peremptory Order of Mandamus against JOHN F. O'RYAN, as Police Commissioner of the City of New York, Appellant.†— Peremptory mandamus order directing the reinstatement of petitioner as a patrolwoman of the New York city police department affirmed, with costs. The police commissioner had no power, under section 354 of the Greater New York Charter, to order the retirement of petitioner, a patrolwoman, from the police force. Procedure for such purpose is found in section 1712 of the charter. Young, Hagarty, Carswell and Scudder, JJ., concur; Davis, J., dissents and votes for reversal and denial of the application, on the ground that the section invoked by the police commissioner permits removal as a matter of discipline.

* Revd., 266 N. Y. 359.          † Affd., 266 N. Y. 634.