In the Matter of the Application of Michela Tavino Cirrito, Respondent, against The Board of Standards and Appeals of The City of New York, and Others, as Members of the Board of Standards and Appeals, Appellants.— Order confirming a referee's report and annulling a determination of the board of standards and appeals, which denied petition for a variance and for the construction of a gasoline station in a residence district, reversed on the law and the facts, with costs, certiorari proceeding dismissed, and the determination of the board of standards and appeals reinstated and confirmed. The board did not abuse its discretion in denying the application, and the petitioner failed to establish practical difficulties or unnecessary hardships so as to justify the granting of a variance. A holding to the contrary constituted an improper substituting of the judgment of the court for that of the board, which body has been endowed with the discretion in the matter, and its exercise of discretion has not been shown to be arbitrary. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

In the Matter of the Application of Lena P. de Guiscard, Appellant, for a Peremptory Mandamus Order against Arthur W. Lawrence, and Others, Constituting the Westchester County Park Commission, Respondents.— The petitioner, appellant, sought a writ of mandamus to compel the Westchester county park commission to use a certain road for parkway purposes. Order denying application for a peremptory mandamus order unanimously affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Application of Clifford B. Moore, Appellant, for an Order of Mandamus against George U. Harvey, as President of the Borough of Queens, and Others, Respondents.— Order denying petitioner's application for an order of mandamus to compel restoration of former salary affirmed, without costs, on the law and not in the exercise of discretion. No opinion. Hagarty, Carswell and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent upon the ground that the salary of the relator had never been reduced by the borough president.

In the Matter of the Judicial Settlement of the Intermediate Account of Robert Moore, Jr., as Committee of the Estate of Marjorie C. Moore, an Incompetent Person. Robert Moore, Jr., as Committee of the Estate of Marjorie C. Moore, an Incompetent Person, and Another, Appellants, and John H. Gamaldi as Special Guardian for Marjorie C. Moore, an Incompetent Person, Respondent.— Order confirming report of the special guardian of an incompetent and surcharging the account of the committee affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.