In the Matter of the Application of ELSIE J. HASSALL, Respondent, against HARRIS H. MURDOCK and Others, as Members and Together Constituting the Board of Standards and Appeals of the City of New York, Appellants.— The petitioner applied to the board of standards and appeals for a variance of the zoning ordinance on the ground of practical difficulties and unnecessary hardships in respect to property which she claimed could not be profitably adapted to a conforming use.    There was a claim that a permit had been obtained for the installation of a gasoline service station on this property before the zoning ordinance was changed to prohibit such use; and that excavations had been made and work done following the issuance of the permit and before the change in the ordinance.    On this ground she claimed a " vested right " to go forward with the construction.    No evidence was offered before the board on the subject; but after hearing argument and making an investigation, the application was denied.    On review by certiorari evidence was taken before a referee, who reported for annulment of the determination.    On motion at Special Term the report was confirmed and the commissioner of buildings was directed to issue a permit for the erection and maintenance of a gasoline service station upon the condition that when

the circumstances so change by the development of the neighborhood that the applicant's property is reasonably susceptible of being applied to a conforming use, then, upon application of the authorities or any one interested, the gasoline station must be removed. On the hearing before the referee the petitioner relied exclusively on the right to a variance because of practical difficulties and unnecessary hardships, and did not offer any proof on the subject of her so-called "vested right." Order reversed on the law and the facts, without costs, and the matter remitted to the board of standards and appeals for a further hearing. On such hearing the petitioner may offer proof by calling witnesses or otherwise, as the board may direct, to establish the facts in respect to any rights that she has acquired by reason of work performed or expense incurred on the property under the permit, or in respect to practical difficulties and unnecessary hardships. (*Matter of Raskin* v. *Murdock*, 243 App. Div. 561.) The evidence taken at Special Term did not warrant the overruling of the discretion of the board. (*People ex rel. Arseekay Syndicate* v. *Murdock*, 265 N. Y. 158; *People ex rel. Sullivan* v. *McLaughlin*, 266 id. 519; *Matter of Levy* v. *Bd. of Standards & Appeals*, 267 id. 347; *Matter of Noviak Holding Corp.* v. *Murdock*, 243 App. Div. 738; affd., 268 N. Y. 715; *Matter of Cirrito* v. *Bd. of Standards & Appeals*, 245 App. Div. 762.) Young, Carswell, Davis, Adel and Taylor, JJ., concur.