GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant, v. MARK GRAVES et al., Constituting the State Tax Commission of the State of New York, et al., Respondents.— Appeal from portions of a judgment of the Supreme Court entered in the Albany County clerk's office on December 7, 1943. The complaint asks for a declaratory judgment construing section 187

of the Tax Law with relation to certain classes of premiums on policies of insurance issued by plaintiff. There are no findings of fact. The judgment does not purport to determine the taxability of plaintiff with respect to any specific premiums. It construes the statute only. While it may be said that the plaintiff and defendants differ in their construction of the statute, no particular tax or premium is involved. There is no subject matter before the court. It is not claimed that plaintiff is entitled to any refund for any taxes collected or assessed, nor do the defendants claim that there are any particular taxes which plaintiff now owes to the State. In other words, there is no present justiciable controversy before the court and the argument is academic only. To warrant a declaratory judgment there must be genuine present controversy with the subject matter and parties in interest in court, together with a situation where adequate relief is not presently available through any other existing forms of action. In the circumstances of this case an action for a declaratory judgment will not lie. (*Post* v. *Metropolitan Casualty Insurance Co.*, 227 App. Div. 156, affd. 254 N. Y. 541; *Matter of Smith*, 242 App. Div. 832; *Wardrop Co., Inc.*, v. *Fairfield Gardens, Inc.*, 237 App. Div. 605.) The judgment appealed from settles no right as to any particular amount claimed or paid as a tax on any particular premiums. Such question can be properly determined only with full knowledge of all the facts under which the premiums are paid and the tax claimed or paid. Although this objection was not raised by the defendants either in the court below or in their brief or on the argument in this court, this court feels that there should be an actual controversy over a particular subject matter in order to invoke its jurisdiction. Judgment reversed, without costs on the law and in the exercise of discretion, and the complaint dismissed, without costs. All concur.