Walter R. Hart, J.
In this declaratory judgment action which has, according to the affirmation submitted by plaintiff’s counsel, been discontinued as against all defendants except the two defendant executors, the said remaining defendants have *1014 moved to dismiss the complaint (1) for insufficiency (CPLB 3211, suibd. [a], par. 7) and (2) in the exercise of the court’s discretion pursuant to CPLB 3001.
Beference will he made to pertinent allegations of the complaint. In conclusory form a controversy is alleged to exist between the plaintiff and the moving defendants with respect to an estate accounting heretofore filed in the Surrogate’s Court, Kings County. The merits of that controversy are not disclosed. Plaintiff, being one of the accounting executors named therein, has opposed in the Surrogate’s Court the petition for the judicial settlement of that account. The complaint alleges that plaintiff “ commenced an action in the said Surrogate’s Court against ” the defendants and that defendants moved therein “ to vacate the service of the summons ’ ’ on the asserted ground that the Surrogate’s Court “has no jurisdiction over actions.” (Emphasis supplied.) It is alleged that the foregoing action brought in the Surrogate’s Court relates to the affairs of the decedent and is grounded in fraud. Plaintiff alleges she intends to commence another action in the Surrogate’s Court against the defendants to impress a trust upon certain real property formerly owned by decedent. The complaint recites that ‘ ‘ there is a justiciable controversy.”
The foregoing controversy between the parties over the jurisdiction of the Surrogate’s Court to entertain an “ action ” commenced by the service of a “ summons ’ ’ has apparently impelled plaintiff to bring the instant action against defendants seeking a judgment declaring (1) that the proper title of the judicial officer of the Surrogate’s Court is “ Judge ”, and not “ Surrogate ”, (2) that the Surrogate’s Court has jurisdiction over “actions” relating to affairs of decedents and (3) that such ‘ ‘ actions may be commenced by summons. ’ ’
The action for a declaratory judgment is provided by statute (CPLB 3001). The court is- specifically empowered thereby to “ render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy ”. The statute “ codifies the statements by the Court of Appeals that there is a constitutional requirement of an actual controversy between adverse -parties ”. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.03.) The presence of a real controversy is a necessary prerequisite to the exercise of the judicial function in rendering a determination (22 Carmody-Wait, New York Practice, p. 713).
Plaintiff’s conclusory allegation that the complaint sets forth a justiciable controversy is valueless in the absence of supporting factual averments demonstrating the presence of such a *1015 controversy (Red Robin Stores v. Rose, 274 App. Div. 462, 465).
In the court’s view such issues as are raised by the complaint, i.e., respecting the titles and jurisdiction pertaining to the Surrogate ’s Court, fail to create an adversary proceeding and fail to present a justiciable controversy. Plaintiff’s contentions under the circumstances must be deemed moot and insufficient to sustain a declaratory judgment action (Guardian Life Ins. Co. v. Graves, 268 App. Div. 809, affd. 294 N. Y. 953).
Furthermore, since plaintiff’s basic controversy with defendants relates to the correctness of an account filed in the Surrogate’s Court and with the propriety of the petition to settle the same, such issues, as well as those sought to be raised herein, could be determined in the proceeding, or proceedings, instituted and pending in that court. Under the circumstances, and aside from the insufficiency of the subject cause of action, the court would in the exercise of discretion be obliged to refuse to entertain jurisdiction of this declaratory judgment action (see Woollard v. Schaffer Stores Co., 272 N. Y. 304, 311).
While plaintiff asks for leave to replead, there has been a failure to .support the request by setting forth " ‘ evidence that could properly be considered on a motion for summary judgment in support of a new pleading ” (CPLR 3211, subd. [e]).
Plaintiff further claims she has the right to serve an amended complaint as of course on the ground that no responsive pleading has been served by the defendants (CPLR 3025, subd. [a]). The court does not construe the making of such claim as of right as equivalent to an 'assertion of the right and consequently does not reach that point for determination. In passing, however, the court notes that the existence of a right to amend as of course, following a dispositive motion to dismiss for insufficiency, has been seriously questioned (see McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3025, 1964 Supp., p. 81). Motion granted.