■   ABRAHAM LICHTENSTEIN, Plaintiff, v. SARAH G. LICHTENSTEIN, Defendant. HAROLD LICHTENSTEIN et al., as Executors of ABRAHAM LICHTENSTEIN, Deceased, Appellants; OSBORNE A. McKEGNEY, as Successor Committee of Defendant SARAH G. LICHTENSTEIN, Respondent.

Order, entered on November 12, 1969, modified on the law, on the facts and in the exercise of discretion, to the extent of striking from the third ordering paragraph that portion which directs that Osborne A. McKegney, the Successor Committee of defendant, is entitled to the sum of $44,100 and further modifying said order to the extent of striking the first, second, fourth, fifth, seventh and ninth ordering paragraphs and further modifying said order by striking from the sixth ordering paragraph all reference to amounts, other than the amount of $18,109.78, and, as so modified, the order is affirmed, without costs and without disbursements, and the matter remanded to Special Term for further proceedings not inconsistent herewith.

The majority of this court affirms the award of $18,109.78, plus interest, to the defendant, because this is the sum that the plaintiff misappropriated during the time that he acted as her committee in the years 1947 to 1960. Plaintiff improperly used defendant's funds for her support for all those years when he had ample funds of his own which should have been used. Under the law the plaintiff-husband was legally liable for the support of his incompetent wife, the defendant herein, if financially able. (*Matter of Fox*, 250 App. Div. 31, affd. 275 N. Y. 604.) Accordingly, in this case, the late Mr. Justice KLEIN, in his decision of April 12, 1967, specifically said: "the husband's obligation to support his incompetent wife is measured not alone by his duty to keep her from becoming a public charge, but rather in accordance with his means, even after an annulment grounded on five years incurable insanity".

Relying on the poor financial condition of plaintiff, as falsely represented by him, the court, in granting the annulment, directed him to pay $15 per month for the support of the defendant. However, in its order the court provided that: "In the event of any change in the financial condition of the plaintiff, further application may be made by the Department of Mental Hygiene, the plaintiff or the defendant, for the modification of the decree entered herein".

In *Matter of Fox*, (*supra*, p. 34) the Appellate Division report, the court said:

"The proper rule seems to be that the husband is liable for the support of his incompetent wife, if he is financially able, unless it would be inequitable to compel him to furnish support.  *  *  *

"The husband's ability to furnish support is thus made a condition to the obligation."

Later, in the same opinion, the court discussed the case of *Matter of Cornell* (242 App. Div. 832) and said (p. 36) the following:

"That decision appears to mean that, in an appropriate action or proceeding, the husband may, if the facts warrant it, be held liable for his incompetent

wife's support without regard to a previous order fixing such liability. The same conclusion can be drawn from *Matter of Marsh*, [242 App. Div. 290]. In the more recent case of *Matter of Moore* (245 App. Div. 762) this court affirmed an order surcharging the committee of an incompetent, who was also her husband, for sums paid out of her estate for maintenance at a State hospital. It does not appear that any previous order had been made establishing the husband's liability.

" Our conclusion on this question is that the husband's liability to the committee for his wife's support may be established in any proceeding or action in which both parties are before the court and the issue is fairly raised, and that no previous order of the court is necessary to set the liability in motion."

As to the item of $44,100 we find that there is insufficient evidence in the record before us to justify this award. While we agree with the conclusion that a fraud was perpetrated by the plaintiff, nevertheless, the only reason given by the court below for this award is that it represents about 20% of plaintiff's annual income for the years 1947 to 1960. But there is no evidence in the record which justifies this 20% figure. At best, it is an arbitrary amount, without any justifiable evidence. It does seem fair to believe that, if the court which granted the annulment had known the true financial condition of the plaintiff, far different arrangements might have been made for the proper boarding, treatment and care of the incompetent defendant. Despite her incompetency she was entitled to a better standard of living and consistent with the wealth of the plaintiff which, at the time of his death, amounted to almost $400,000. Therefore, proof should be adduced along these lines so as to give the trial court a fair basis on which to award damages to the defendant.

The result reached by this court necessitates a re-evaluation of the allowances granted for the services rendered by the Referee and the committee.

Concur — Capozzoli, Nunez and McNally, JJ.; Stevens, P. J., concurs in the result only and Eager, J., dissents in the following memorandum:

Certainly, an appellate court may not properly review the sufficiency or weight of the evidence so as to sustain a finding of a Referee or a determination of Special Term without an examination of all pertinent proof. (See *Melville* v. *Melville*, 29 A D 2d 970.) Here, the reports of the Referees, the confirmations of their reports and the order of Special Term were based upon testimony and proofs adduced before the Referees. However, the appendix, as transmitted to this court, contains only a very limited portion of the testimony and proceedings before the Referees and is patently insufficient to enable this court to determine on the merits the questions presented on the appeal. The court is not in a position to determine for itself whether or not the Referee's findings and conclusions are properly supported. It may be that the order of Special Term is properly supported and should be affirmed or that, if we were furnished with a proper appendix, we could finally dispose of the matter without a remand.

Furthermore, I am unable on the basis of the present appendix to concur in the affirmance of that part of the order which awards recovery to the respondent of the sum of $18,109.78 plus interest. The appellants contend that the issue of the alleged misappropriation of funds by the plaintiff (husband committee) in the said amount was not before the Referee and that, in any event, the Statute of Limitations and the court's approval of the committees' accounts bar a recovery. I would submit that it is improper to affirm even the validity of the award of such sum without consideration of the full transcript of the proceedings before the Referees.

The appellants were required to reproduce as "much of the record as is material to the questions [they are] raising, including those parts of the

record upon which [they assume] the respondent will rely to meet the issues raised." (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5528.02.)

In the circumstances, it is improper to affirm in whole or in part the order of Special Term; "the court may direct the appellant to submit a further appendix or it may dismiss the appeal unless appellant files a further appendix within a specified period of time." (*E. P. Reynolds, Inc.* v. *Nager Elec. Co.*, 17 N Y 2d 51, 56; see, also, *Nelsen* v. *Rampone*, 32 A D 2d 965; *Wexler* v. *South Brooklyn Sav. Bank*, 33 A D 2d 575.) Therefore, I would direct the appellant to submit a further appendix.