Samuel W. Eager, J.
This action is brought for a judgment declaring the invalidity of the zoning ordinance of the Village *130 of Piermont insofar as it affects plaintiffs’ waterfront lands. The plaintiffs, other than the plaintiff Kracke, own two adjacent lóts situate in said village and abutting the Huson Biver. The complaint was dismissed on the trial as to the plaintiff Kracke for lack of standing and interest as more fully pointed out on the trial.
The plaintiff Piesco owns a lot (No. 44) fronting 63.3 feet on the east side of Piermont Avenue and extending back approximately 140 feet (137.1 feet on one side and 149.3 feet on the other side) to the Hudson Biver. The easterly boundary runs 46.4 feet ‘ ‘ along the Hudson Biver ’ ’. The lot now is and, at the time of the enactment of the zoning ordinance,, was improved by a building occupied as a tavern, a grocery store, and with dwelling units on the second floor.
The plaintiffs Pragiacomo own a lot (No. 46) abutting on the Hudson Biver, with its easterly boundary line running 50 feet “along the Hudson Biver”. The lot is rectangular in shape, extending back 77.5 feet from the Hudson Biver and appurtenant thereto is a right of way for access to Piermont Avenue. The lot now is and, at the time of enactment of the ordinance, was improved by a dwelling presently occupied as such.
The zoning ordinance places the plaintiffs’ lots in the “ W-2 ” district which not only embraces an area of upland fronting on the river, but also includes within its boundaries lands under the Hudson Biver within the village limits and adjacent to said lots. The ordinance provides no use as of right for the lands in this ‘ ‘ W-2 ’ ’ waterfront district but it merely provides for the issuance of special permits by the Village Board of Trustees for several enumerated uses, including marinas, boat moorings, docks, wharves and other river uses. However, since the areas of plaintiffs’ lots do not comply with the minimum bulk regulations contained in the ordinance, the lots do not qualify for a special permit for any of the enumerated special uses. In fact, an application to the Board of Trustees for a special permit for use of one of such lots for marina purposes was denied.
Although the ordinance fails to generally provide for uniform permitted uses for the lands in the “W-2” district, there is express provision therein authorizing the continuance of the “ lawful use of any building or land existing at the time of the enactment of this ordinance * * * although such use does not conform with the provisions of this ordinance.” It is further provided that, on discontinuance of any such use for the period of one year, the use shall not thereafter be re-established.
*131 Contending that the terms of the ordinance, construed together with the zoning map, preclude the use of the plaintiffs’ lands for any purpose other than the respective nonconforming uses, the plaintiffs request a judgment declaring the ordinance unconstitutional and invalid. In reality, they seek to avoid in their entirety the presently existing use restrictions so that their lands together with the .adjacent waters may be devoted to general marina purposes.
The plaintiffs’ first cause of action is framed on the theory, as alleged in the complaint, that the ordinance is unconstitutional and invalid because the restriction imposed upon plaintiffs? lots “precludes the use of said property for any purpose to which it is reasonably adapted. Said ordinance, as it pertains to the plaintiffs’ property, works an undue hardship as to its use, destroys the greater part of its value, is discriminatory as a denial of equal protection of the law, is confiscatory and amounts to a taking of private property without just compensation contrary to due-process ”.
Notwithstanding the clearly framed gravamen of the first cause of action, there was no factual showing whatever permitting a determination of whether the plaintiffs have suffered any significant economic injury by the application of the terms of the ordinance restricting the use of their lots to the respective nonconforming uses. It does not even appear whether or not the properties were practicably and profitably used in accordance with the authorized nonconforming use provisions of the ordinance. The burden was upon the plaintiffs to establish that their respective properties were so situated or of such a nature that they were not reasonably adapted to the present uses. (See Scarsdale Supply Co. v. Village of Scarsdale, 8 N Y 2d 325.) The record is not such that declaratory relief may be awarded with respect to the claim that the ordinance is confiscatory or invalid as imposing unreasonable restrictions on the beneficial uses of plaintiffs ’ properties materially affecting their values. (See, further, Matter of Fulling v. Palumbo, 21 N Y 2d 30; Mary Chess, Inc. v. City of Glen Cove, 18 N Y 2d 205; Matter of Emmenegger v. Board of Appeals of Inc. Vil. of Garden City, 33 A D 2d 393; Junar Constr. Co. v. Town Bd. of Town of Hempstead, 57 Misc 2d 727; Matter of Aucello v. Moylan, 60 Misc 2d 1094.)
The second cause of action attacks the validity of the ordinance on the ground that the terms thereof are discriminatory and in violation of the Equal Protection Clauses of the Federal and State Constitutions. The claimed invalidity rests on the *132 alleged premise that other owners of waterfront properties having nonconforming marina uses at the time of enactment of the ordinance are “granted a monopoly”; that they generally receive preferential treatment over the owners of waterfront property not possessing nonconforming marina rights. But there was no showing by plaintiffs that the particular zoning, including the establishment of the “ W-2 ” district, was not in accordance with a reasonable and comprehensive plan, nor does it appear that the resulting dissimilarity in authorized nonconforming uses of the zoned property was other than merely incidental to the effectuation of proper planning. In fact, all property owners similarly situated, namely, all owners having established marinas, were treated alike, that is, all were vested with a similar right to continue, the nonconforming uses. The plaintiffs, however, were not similarly situated in that they did not, at the time, possess marina improvements and investments. The essence of the right to equal protection of the laws is merely that all persons similarly situated be treated alike; the constitutional clauses go no further than to prohibit ‘ ‘ invidious discrimination”. (See Matter of Di Maggio v. Brown, 19 N Y 2d 283; Myer v. Myer, 271 App. Div. 465, affd. 296 N. Y. 979; Matter of Posner v. Rockefeller, 31 A D 2d 352.) Accordingly, the plaintiffs’ claim for declaratory relief is not supportable on the basis of the allegations of the second cause of action.
In the third and fourth causes of action, the plaintiffs claim that the ordinance violates the Constitution and the statutes of the State of New York in that it operates “ to deprive the plaintiffs [of] unlimited and unconditional use of the waters situate in the Hudson River and appurtenant and adjacent to their uplands; and the said ordinance violates the Constitution of the State of New York as a usurpative [sic] of power not granted to a village ’ ’ and that ‘ the power to regulate the uses of water adjacent to the uplands upon any navigable stream rests solely with the state
True, the zoning ordinance is invalid insofar as the terms thereof generally restrict the otherwise lawful use of lands under the Hudson River. (See Erbsland v. Vecchiolla, 35 A D 2d 564, mot. for lv. to app. den. 27 N Y 2d 485.) The ordinance insofar as it places lands under water in a restricted district may not be sustained as an ordinance adopted pursuant to the power vested in a village by section 46-a of the Navigation Law (formerly Village Law, § 89, subd. 63) to regulate use of vessels in waters within or bounding said village. The power *133 merely to regulate does not include the power to prohibit; nor does this statute authorize regulation piecemeal lot by lot by the use of the special permit procedures in a zoning ordinance.
As a matter of fact and law, however, the plaintiffs are not directly concerned with the zoning of the lands under the river except insofar as the zoning may interfere with their properly exercisable riparian rights appurtenant to their upland property. They do not own any of the lands under water; the easterly boundary lines of their respective lots extend ‘ ‘ along the Hudson River ’ ’.
Although the zoning ordinance is invalid insofar as it may operate to preclude the proper exercise by plaintiffs of their riparian rights, it is significant that the plaintiffs’ causes of action seek solely a declaration of invalidity of the use restrictions on their upland lots rather than a decree protecting or declaring their riparian rights. In any event, the plaintiffs, bound by the use restrictions imposed on their upland lots, may not utilize riparian rights to expand the permitted uses for such lots. Furthermore, there is no claim or factual showing by the plaintiffs of any interference with such rights as are authorized by law including the statutes and regulations of the United States and of the State of New York and of proper governmental agencies. (See Navigation and Navigable Waters, U. S. Code, tit. 33, §§ 403, 565; Environmental Conservation Law, §§ 15-0109, 15-0317, 15-0503; Navigation Law, §§ 30, 32.) Also the exercise of such rights would be subject to the proper regulation by the village under aforesaid section 46-a of the Navigation Law.
In view of the foregoing, the judgment to be entered hereon shall provide for the dismissal of the first and second causes of action. Of course, I am aware of the rule that where a plaintiff is not shown to be entitled to the declaratory relief demanded by him but the proofs on a trial support different declaratory relief, including that contended for by the defendant, the trial court should not dismiss the complaint but should render judgment for proper declaratory relief. (See Eager, Declaratory Judgment Action [1971], § 92.) But there is no showing here by either party justifying any declaratory relief with respect to the issues of fact and law presented by the first and second causes. Declaratory relief may not be awarded in a vacuum; an action is not maintainable for a declaratory judgment to render an advisory opinion on a hypothetical state of facts. (See Matter of Smith, 242 App. Div. 832, 833 and cases cited; Wardrop Co. v. Fairfield Gardens, 237 App. Div. 605.) Con *134 stitutional questions are not to be decided hypothetically ” (Anniston Mfg. Co. v. Davis, 301 U. S. 337, 353; People v. Faxlanger, 1 N Y 2d 393).
Judgment may be entered on the third and fourth causes of action for declaratory relief in accordance with the conclusions as stated herein.
The foregoing constitutes the decision of the court. A proposed judgment may be submitted on notice by any party, and any proposed judgment to be entered hereon must be submitted to the undersigned within 10 days after receipt by the attorneys of this decision.
The judgment shall be without costs to any party.