James M. Brooks, Esq. Town Attorney, North Elba
You ask whether a county which has established a vessel regulation zone under Navigation Law, § 46 may adopt regulations under that section prohibiting the towing of aerial devices by motor boats and the operation of "jet skis" or "wet bikes" within the zone.
Navigation Law, § 46 provides that the board of supervisors of a county may establish a vessel regulation zone and "within the limitations prescribed by this chapter, adopt regulations for the use of a lake or part of a lake or other body of water within the county". When a vessel regulation zone has been established, the county is required to construct on the shore near each boundary, a sign board facing the water and "bearing thereon in large letters `VESSEL REGULATION ZONE' with the rateof speed limited in that area" (Navigation Law, § 46; emphasis supplied).* In your letter, you state that the language of this latter provision implies that a county may only establish a rate of speed under section 46 rather than prohibit specific activities and uses within a zone.
Section 46 derived from former section 68 of the Navigation Law of 1909 (L 1931, ch 379). Section 68 authorized counties to establish motor boat regulation zones. There was no authority, however, for counties to adopt regulations applicable in such zones. Former section 69 established specific rules governing the operation of motor boats within these zones. These rules provided for a speed limit of ten miles per hour for boats operating within a zone and provided generally that such boats be operated in a "careful and prudent manner" (Navigation Law of 1909, § 69[1], [2], [3]). Such rules did not prohibit boats from operating within zones but merely regulated their speed and manner of operation. The purpose of former sections 68 and 69 was to permit counties to deal with the increasing number of boating accidents brought about by the proliferation and increased speed of boats on navigable waters (see, Sponsor's Memorandum, dated April 8, 1931, to Samuel J. Rosenman, Counsel to the Governor, in relation to Assembly Int 1026, later enacted as chapter 379 of the Laws of 1931).
Upon the revision of the Navigation Law by chapter 941 of the Laws of 1941, former section 68 was renumbered section 46. Section 46 continued local authority to establish vessel zones, added local authority to adopt regulations applicable in such zones, and also added the requirement that the locality post a sign "with the rate of speed limited in that area". Omitted from section 46 was the specific speed limit of ten miles per hour which had been made applicable in zones by former section 69. The remaining rules of section 69, which generally required that boats within zones be operated in a "careful and prudent manner", were renumbered section 45 and now apply generally to vessels on all navigable waters, not solely those waters within vessel regulation zones (L 1941, ch 941).
We think it is clear that, in omitting a specific speed limit from present section 46 and requiring localities to post the rate of speed, the intent of the Legislature was to permit localities to establish speed limits within vessel zones. There is no indication that the Legislature intended to grant local authorities the power to regulate matters other than speed or that local regulations were to be broader in scope than the regulations previously in effect under former section 69. That is, there is no indication of an intent to permit localities to ban completely vessels or specific activities from vessel zones.*
The language of section 46 also compels the conclusion that localities may not prohibit vessels or specific activities from zones. Section 46 provides that "within the limitations prescribed by this chapter," a county may adopt regulations. This suggests that local regulations adopted under section 46 may not prohibit that which is permitted under other provisions of the Navigation Law. Section 45 of the Navigation Law regulates the speed and operation of vessels on navigable waters and provides generally that a vessel must be navigated at all times in a careful and prudent manner and at such rate of speed as not to interfere unreasonably with the use of such waters or endanger any vessel or person. Section 73(4) governs the towing of aerial devices by vessels and provides that such activity shall not be conducted in such a way as to cause the device or any person thereon to collide with or strike any object or person. These provisions do not prohibit the operation of vessels or the towing of aerial devices on navigable waters, but merely require that such activities be conducted in a safe manner.
In 1960 Op Atty Gen (Inf) 157, we addressed the question whether a town could adopt a local regulation prohibiting the operation of motor boats on a body of navigable water. In answering that question in the negative, we pointed out that, despite having been made aware over the course of several years of various problems associated with the speed and operation of power boats on navigable waters, the Legislature has refrained from enacting legislation authorizing the complete banning of such boats from those waters. We also noted that, in its resolution creating the Joint Legislative Committee on Boating, which annually had made recommendations to the Legislature, the Legislature specifically recognized the rights of owners of motor boats to use the waters of the State. Sections 45 and 73, in regulating, but not prohibiting, the operation of vessels or the towing of aerial devices, expresses this legislative policy.
In view of the State policy expressed in sections 45 and 73 permitting the use of navigable waters and the absence of a legislative intent that localities may prohibit such use, we are of the opinion that a county may not adopt regulations prohibiting the towing of aerial devices and the operation of "jet skis" or "wet bikes".
We conclude that a county which has established a vessel regulation zone under Navigation Law, § 46 may not adopt regulations under that section prohibiting the towing of aerial devices by motor boats or the operation of "jet skis" or "wet bikes" within the zone.
* "Vessel" is defined as "any floating craft" and all vessels belonging either to the class of "public vessel" or "pleasure vessel" (Navigation Law, § 2[6]). We understand from your description of "jet skis" and "wet bikes" that these vehicles are within this definition of "vessel" and therefore are governed by the Navigation Law. See, also, 1967 Op Atty Gen (Inf) 119, copy enclosed.
* There is judicial precedent for construing the Navigation Law in this manner. In Piesco v DiFrancesca, 72 Misc.2d 128 (Sup Ct, Rockland Co, 1972), the court held that the power vested in villages to "regulate" vessels under section 46-a of the Navigation Law did not include the power to prohibit such use.